VANDER BOSSCHE v VALLEY PUB

Docket No. 142823. Submitted November 3, 1993, at Detroit. Decided February 22, 1994, at 9:10 A.M.

Lisa M. Vander Bossche brought a dramshop action in the Oakland Circuit Court against Charles K. Wilbur and an unnamed drinking establishment that allegedly served liquor to Wilbur shortly before he caused an automobile accident that resulted in injury to Vander Bossche. The plaintiff later amended her complaint to name Valley Pub as the liable liquor licensee. Valley Pub moved for summary disposition, arguing that the plaintiff had not complied with the dramshop act in failing to name the licensee of record, M & H Beverage, Inc., in her amended complaint and in failing to provide Valley Pub with written notice of its potential liability for damages within 120 days of retaining her attorney. The court, Francis X. O'Brien, J., granted summary disposition for Valley Pub on the basis of the plaintiff's failure to name M & H Beverage, Inc. The court dismissed Wilbur from the action but did not forbid his reinstatement. The plaintiff moved to set aside the dismissal of Valley Pub and for leave to amend her complaint to name M & H Beverage, Inc., doing business as Valley Pub, as the liable licensee. The court denied the motions. The plaintiff appealed. Valley Pub cross appealed, claiming error in the trial court's failure to grant its motion for summary disposition based on the plaintiff's failure to comply with the 120-day notice requirement.

The Court of Appeals held:

1. In light of the remedial purpose and scope of the dramshop act, and in order to place responsibility on those who, with a pecuniary motive, furnish liquor to the public, the plaintiff must be allowed to amend her complaint to name M & H Beverage, Inc., as a defendant. The amendment is to relate back to the filing of the amended complaint by which the plaintiff named Valley Pub as defendant.

2. On remand, Valley Pub may renew its motion for sum-

REFERENCES

Am Jur 2d, Parties §§ 182, 198.
See ALR Index under Civil Procedure Rules; Parties.

mary disposition based on the failure to comply with the 120-day notice requirement. If the trial court denies that motion, it must allow Wilbur's reinstatement so that the plaintiff does not violate the requirement under the dramshop act that the alleged intoxicated person be named and retained throughout the proceedings.

Reversed and remanded.

INTOXICATING LIQUORS — DRAMSHOP ACTIONS — LICENSEES.

A dramshop action should not be summarily dismissed on the basis that the plaintiff has failed to name in the complaint the licensee of record at the Liquor Control Commission if the plaintiff has brought the action under the name by which the liquor establishment conducts business; leave to amend the complaint to name the licensee must be freely given to such a plaintiff (MCL 436.22; MSA 18.993; MCR 2.118[A][2], 2.201[C] [2]).

*Murdoch J. Hertzog,* for Lisa M. Vander Bossche.

*Kallas & Henk, P.C.* (by *Edward J. Lee*), for Valley Pub.

Before: GRIBBS, P.J., and SHEPHERD and P. E. DEEGAN,* JJ.

SHEPHERD, J. In this dramshop action, plaintiff Lisa M. Vander Bossche appeals as of right from a February 21, 1991, order of the trial court granting summary disposition for Valley Pub. Valley Pub has cross appealed from the denial of its motion for summary disposition on an alternative basis. We reverse the order of summary disposition, and remand for further proceedings in the trial court.

Plaintiff Vander Bossche was seriously injured when her vehicle was struck from behind by a vehicle driven by Charles K. Wilbur. It is plaintiff's position that Wilbur was intoxicated at the

* Circuit judge, sitting on the Court of Appeals by assignment.

time. While plaintiff alleges at this stage of the proceedings that Wilbur had been served alcohol at Valley Pub before the accident, plaintiff argues that she did not know the identity of the liquor establishment that sold Wilbur the alcohol when she filed her complaint. Plaintiff's original complaint named Wilbur and an "unknown liquor establishment" as defendants.

At a hearing on defendant's motion for summary disposition held on February 6, 1991, counsel for Valley Pub ultimately conceded that plaintiff did not know the identity of the liquor establishment when she filed her complaint. However, pursuant to MCL 436.22(5); MSA 18.993(5), a plaintiff intending to bring a dramshop action is required to provide all defendants written notice within 120 days of retaining an attorney, "unless sufficient information for determining that a retail licensee might be liable under this section was not known and could not reasonably have been known within the 120 days." Thus, defendant Valley Pub argued below, and argues now on appeal, that plaintiff could have reasonably known the identity of Valley Pub had she been diligent in discovery. Plaintiff argued below, and argues here, that she could not have reasonably known Valley Pub's identity within 120 days. With regard to this issue, the trial court specifically found that neither party had convinced it either way. Although the trial court did not rule on the question whether plaintiff could have reasonably known Valley Pub's identity within 120 days, the trial court nevertheless denied defendant's motion for summary disposition on this basis.

Instead, the trial court granted Valley Pub's motion for summary disposition on the alternative ground that plaintiff had not named the proper party for the liquor licensee. That is, after the 120-

day period, plaintiff filed an amended complaint naming Valley Pub as the liquor licensee. However, it was later discovered that Valley Pub was not the actual liquor licensee. Rather, a corporation, M & H Beverage, Inc., held the liquor license and was operating under the assumed name of Valley Pub. With this information, the trial court granted summary disposition for Valley Pub, finding that Valley Pub could not be sued as a "d/b/a" of M & H Beverage because the dramshop act required suit against the actual licensee. However, when making its ruling, the trial court stated that it might reconsider its decision if plaintiff could provide support for her interpretation of the dramshop act. Nevertheless, the trial court granted Valley Pub's motion for summary disposition by order dated February 19, 1991.

On March 15, 1991, plaintiff filed a motion to set aside the dismissal of her claim against Valley Pub and to permit an amendment of her complaint to name as a defendant M & H Beverage, Inc., doing business as Valley Pub.

On April, 8, 1991, the date set for trial of the matter against Wilbur, neither plaintiff nor Wilbur appeared. However, plaintiff's counsel was present, and apparently informed the trial court that Wilbur was not contesting his responsibility in the matter. Although the record does not contain a transcript of what transpired on April 8, 1991, it would appear that plaintiff's counsel was concerned that entry of a judgment against Wilbur might prejudice plaintiff's case against defendant Valley Pub because then Wilbur would not have been "retained" throughout the duration of the dramshop action as required by MCL 436.22(6); MSA 18.993(6). The trial court entered the following order, dated April 8, 1991:

The above matter having been reached for trial this date, the Plaintiff having failed to appear to prosecute this action and Plaintiff's attorney present but Defendant failing to also appear, however confessing the judgment now, therefore, on the Court's own motion, it is hereby ordered that this cause be and the same is dismissed, without prejudice to reinstatement against the Defendant, Wilbur, for entry of a consent judgment or the filing of a new lawsuit.

On April 12, 1991, plaintiff moved to set aside the order dismissing Wilbur from the case.

On May 1, 1991, a hearing was held on plaintiff's motion to set aside the dismissal of her claim against Valley Pub and to amend her complaint. Plaintiff's counsel urged the trial court to reconsider its prior ruling and presented evidence indicating that the records of the Michigan Liquor Control Commission (MLCC) reflected that M & H Beverage was operating under the assumed name of Valley Pub. Plaintiff's counsel averred that Valley Pub was named on the actual liquor license,[1] as the assumed name of M & H Beverage, Inc. Plaintiff's counsel sought to amend the complaint, couching the request as one for correction of a misnomer. However, the trial court found that plaintiff's counsel had not presented any new evidence or legal argument to justify changing its prior ruling. After the trial court rendered its decision, plaintiff's counsel withdrew his motion to set aside the dismissal of Wilbur, stating that he

---

[1] Although the record is unclear, plaintiff's counsel seemed to be saying that the actual liquor license included Valley Pub on its face, as the assumed name of M & H Beverage, Inc. However, the discussion then immediately turned to the contents of an application for renewal of the liquor license, creating uncertainty with regard to what was actually presented to the trial court for review. In any event, it appears that the records of the MLCC included the information that M & H Beverage, Inc., was operating under the assumed name of Valley Pub.

would await the outcome of this appeal on plaintiff's claim against Valley Pub.

Then, in a document dated June 21, 1991, the trial court entered a subsequent order dismissing Wilbur. And, although it could not be located in the record, it appears that the trial court also entered a separate order on June 21, 1991, denying plaintiff's motion to set aside the dismissal and correct the complaint with respect to defendant Valley Pub. That the trial court entered these two orders dated June 21, 1991, is evident from another order dated July 8, 1991, which set aside the two June 21, 1991, orders, apparently because Valley Pub's objections to their entry were not properly heard. Through yet another order, dated June 26, 1991, the trial court merely stated that plaintiff's motion was denied. The form and content of that June 26, 1991, order was approved by both parties, with the understanding that the record reflected the trial court's disposition of the matter.

Plaintiff appeals from the trial court's grant of defendant Valley Pub's motion for summary disposition, arguing that service in the name of Valley Pub was sufficient under the dramshop act. Plaintiff seeks to correct the alleged misnomer, and requests that she be permitted to amend her complaint to name M & H Beverage, Inc., doing business as Valley Pub, as a defendant. Defendant Valley Pub cross appeals from the trial court's denial of its motion for summary disposition on the alternative basis that plaintiff did not notify it of the impending lawsuit within 120 days of retaining an attorney.

I

First, we take up the issue upon which the trial

court granted summary disposition—whether service in the name of Valley Pub was sufficient under the dramshop act in light of the fact that the underlying corporate licensee, M & H Beverage, Inc., was doing business as Valley Pub. We hold that plaintiff should be permitted to amend her complaint to name M & H Beverage, Inc., doing business as Valley Pub, as a defendant.

MCL 436.22(11); MSA 18.993(11) states that the dramshop act "provides the exclusive remedy for money damages against a licensee arising out of the selling, giving, or furnishing of alcoholic liquor." Thus, the relevant statute speaks in terms of a dramshop action against a "licensee." A number of other subsections of MCL 436.22; MSA 18.993 also speak in terms of actions against the "licensee" or "retail licensee." Thus, under a severely restrictive interpretation of the act, it would appear that only the licensee of record could be named in such a lawsuit.

However, our Supreme Court has held that the dramshop act should be liberally construed in keeping with its legislative intent, and that strained or narrow constructions are not favored. *Podbielski v Argyle Bowl, Inc,* 392 Mich 380, 384-385; 220 NW2d 397 (1974).

In *Guitar v Bieniek,* 402 Mich 152, 166-168; 262 NW2d 9 (1978), our Supreme Court discussed the remedial purpose and scope of the dramshop act, stating that an entity that was "directly proprietorily motivated" to furnish alcohol to the public should be considered "implicitly charged" with responsibility under the statute. The Supreme Court held that

> liability is limited to. . . licensed retailers of beer, wine, or spirits, for consumption on the premises. [*Guitar, supra* at 166.]

Although in *Guitar, supra,* the Supreme Court found the dramshop act inapplicable to an operator of a rental hall, its discussion of social responsibility for those "retail" establishments "directly proprietorily motivated" clearly applies to an entity such as M & H Beverage, Inc., while operating the retail establishment known as Valley Pub. Although the Supreme Court in *Guitar, supra* at 166, spoke of limiting liability to "licensed" retailers, it was not faced with a question of misnomer as we have here.

In this case, plaintiff's position is that Wilbur consumed alcohol "on the premises" of the establishment known as Valley Pub. Thus, from a practical standpoint, the "retail" establishment known to the public as "Valley Pub" might be thought to have furnished the alcohol. Indeed, this was the public perception, because a sign in front read "Valley Pub." In this respect, because M & H Beverage, Inc., held itself out to the public as Valley Pub, it was certainly responsible for what transpired at the establishment known as Valley Pub.

In light of the social responsibility theory discussed in *Guitar, supra,* and the remedial purpose of the statute, we believe that leave to amend to correct a misnomer should be liberally granted in such a case brought under the dramshop act. See also MCR 2.118(A)(2). We conclude that the Legislature could not have intended to prevent an aggrieved party such as plaintiff from pursuing a dramshop claim when she filed a complaint under the assumed name of the liquor establishment that sold or furnished the alcohol, but failed to name the corporate licensee. The remedial purpose behind the dramshop act dictates that plaintiff be allowed to amend her complaint.

In *Ray v Taft,* 125 Mich App 314, 320-321; 336

NW2d 469 (1983), another dramshop action, this Court refused to allow an amendment of a complaint under the misnomer doctrine. In *Ray, supra,* the plaintiff initially named the defendants as "Albert T. Taft, Dennis H. Taft, doing business as The Squire Pub, jointly and individually." The Tafts were not licensees, but rather held security interests in the bar, and had been appointed core-ceivers pursuant to their security interests. Harold Pukoff was the actual liquor licensee, doing business as "The Squire Pub." However, Pukoff was not named. In *Ray,* a panel of this Court refused to allow amendment of the plaintiff's complaint to include Pukoff as the proper party defendant because he was not served with an amended complaint that included his name until after the statute of limitations had expired. The Court noted that there was no other evidence that Pukoff had actual or constructive notice of the lawsuit within the limitation period. The panel in *Ray* refused to apply the misnomer doctrine to the facts of that case.

However, *Ray* is distinguishable from the present case because here the issue of service upon the corporation, M & H Beverage, Inc., was not raised by Valley Pub in the trial court. Indeed, during the proceedings below, defense counsel agreed with the synopsis of the trial court that there was no issue about service upon M & H Beverage, Inc.:

> *Trial Court*: So it's not on the basis that M and H was not named, M and H was not served. That has no bearing at all. The only thing is that Valley Pub is seeking the dismissal because they are not a licensee and subject to suit for dram shop.
>
> *Defense Counsel*: That is correct.

Only on appeal does defendant argue that ser-

vice upon an employee was insufficient notice to the corporation, M & H Beverage, Inc. However, issues first raised on appeal need not be addressed by appellate courts. *Booth Newspapers, Inc v Univ of Michigan Bd of Regents,* 444 Mich 211, 234; 507 NW2d 422 (1993). Accordingly, the issue having been waived below, we will assume that service upon the corporation, M & H Beverage, Inc., was satisfied by service upon an employee working at the bar.[2] Thus, *Ray* is distinguishable from the present case because in *Ray* there was no indication that the liquor licensee had actual or constructive notice of the lawsuit.

The present case is more similar to *Koons v Walker,* 76 Mich App 726; 257 NW2d 229 (1977). In that case, the complaint was directed to a former owner individually and to the assumed business name. The summons was addressed only to the business under its assumed name, and the new owner was served at the named place of business. A panel of this Court held that service of process under an assumed name should be imputed to the actual owner of the business. *Id.* at 730. Also in accord, see MCR 2.201(C)(2):

> A person conducting a business under a name subject to certification under the assumed name statute may be sued in that name in an action arising out of the conduct of that business.

The present case is also similar to *Wells v Detroit News, Inc,* 360 Mich 634; 104 NW2d 767 (1960). In that case, the plaintiff sought to amend the complaint to name "The Detroit News" or "The Evening News Association, a Michigan corpo-

---

[2] The record is unclear with respect to whether the individual employee served with process at the bar was a manager or a waitress. However, because the issue of service upon the corporation, M & H Beverage, Inc., was not raised below, we will not review it on appeal.

ration," rather than "The Detroit News, Inc." The Evening News Association, Inc., and The Detroit News, Inc., were actually separate corporations, although engaged in a similar business and employing most of the same officers. Noting that the corporate officer actually served was a proper representative of both corporations, and that the officers of The Evening News Association were informed of facts indicating that their corporation was the proper subject of the plaintiff's suit, our Supreme Court held that "the right party was served by the wrong name, that no one was misled thereby to his detriment and that the Michigan statute of amendments contains authorization for correction of the misnomer by amendment." *Id.* at 641.

In the present case, as in *Wells,* we believe that the right party was served under the wrong name. Assuming, as discussed previously, that M & H Beverage, Inc., was properly served with notice of the proceedings, the filing of suit in the name of Valley Pub was merely a misnomer. *Id.*

In further support of our decision, it also appears that Valley Pub was named on the actual liquor license. Or, at least, the records of the MLCC included information about M & H Beverage, Inc., operating under the assumed name of Valley Pub. This is to say that, in fact, the licensing agency recognized the licensee by the two names. Here, then, even a strict construction of the language of the dramshop act limiting a cause of action to one against a "licensee," MCL 436.22; MSA 18.993, might yield to the practical reality that the designations "M & H Beverage, Inc." and "Valley Pub" actually describe one and the same business entity. Or, in other words, whatever the designation, the establishment known and operated as the Valley Pub availed itself of the privileges of a

"licensee." Along with the privileges of licensure come responsibility under the dramshop act. *Guitar, supra* at 168.

Accordingly, the trial court's order of summary disposition is reversed, and plaintiff shall be allowed to amend her complaint to include as a defendant M & H Beverage, Inc., doing business as Valley Pub. The amendment shall relate back to the time of the filing of plaintiff's amended complaint in which she first named Valley Pub as a defendant. To do otherwise would exalt form over substance, and would run counter to the legislative intent behind the dramshop act.

## II

In its cross appeal, defendant Valley Pub argues that the trial court erred in denying its motion for summary disposition on the alternative ground that it was not served with notice within 120 days of the date that plaintiff hired an attorney, as required by MCL 436.22(5); MSA 18.993(5). Defendant argues that plaintiff presented no evidence that she could not have reasonably identified Valley Pub as the retail liquor establishment within 120 days of retaining an attorney.

Our review of the record compels us to remand this case to the trial court for further proceedings regarding this issue. The trial court specifically reserved any findings on the issue whether plaintiff could have reasonably known Valley Pub's identity within 120 days. Thus, this substantive issue has not been decided by the trial court, and we will not do so in the first instance here.

On remand to the trial court, defendant may renew its motion · for summary disposition for plaintiff's alleged failure to comply with the 120-day rule of MCL 436.22(5); MSA 18.993(5), if it so

chooses at that time. Should the trial court sustain plaintiff's dramshop claim despite defendant's motion for summary disposition, then, upon an appropriate motion by plaintiff, the trial court should reinstate the individual claim against Wilbur so as not to deny plaintiff's claim for being in contravention of the "name and retain" requirement of MCL 436.22(6); MSA 18.993(6). This would only be appropriate, and would be in accordance with the trial court's order of April 8, 1991, noted above. However, we express no opinion concerning the merit of defendant's motion for summary disposition based upon plaintiff's alleged noncompliance with MCL 436.22(5); MSA 18.993(5).

Reversed and remanded in accordance with the foregoing.

P.E. DEEGAN, J., concurred.

GRIBBS, P.J.
I concur in the result only.