TENNILLE v ACTION DISTRIBUTING CO, INC

Docket No. 192789. Submitted April 2, 1997, at Detroit. Decided August 15, 1997, at 9:15 A.M.

Mark Tennille and Shanay Pace, by her next friends, Mark Tennille and Cheryl Pace, brought an action in the Wayne Circuit Court against Daniel J. Hackney, Action Distributing Co., Inc., and others after Tennille was injured when an automobile in which he was a passenger was struck by an automobile driven by Hackney. The plaintiffs alleged that, at the time of the accident, Hackney, who was nineteen and worked as a delivery man for Action Distributing, was intoxicated from consuming a case of beer that was rejected by a customer. Against Action Distributing, a licensed liquor wholesaler, the plaintiffs alleged violations of the Liquor Control Act, MCL 436.1 *et seq.*; MSA 18.971 *et seq.*, including dramshop liability; common-law negligence, negligence per se, and gross negligence; and violations of common-law duties arising from the master-servant relationship or respondeat superior. The court, Susan Bieke Neilson, J., granted summary disposition in favor of Action Distributing of all claims except the dramshop liability claim, ruling that the plaintiffs' remedies against Action Distributing lay exclusively within the dramshop act, MCL 436.22; MSA 18.993. The trial court eventually dismissed the dramshop claim against Action Distributing, determining that Action Distributing could not be held liable because it lacked knowledge of Hackney's acquisition of the alcohol. The plaintiffs appealed.

The Court of Appeals *held*:

The trial court erred in ruling that the plaintiffs' remedies against Action Distributing are limited to the dramshop act. When the Legislature stated in 1986 PA 176, MCL 436.22(11); MSA 8.993(11), that the dramshop act provides the exclusive remedy for money damages against a licensee arising out of the selling, giving, or furnishing of liquor to a minor or a visibly intoxicated person, it intended "licensee" to refer to retail licensees, not wholesale licensees like Action Distributing. Dismissal of the dramshop claim against Action Distributing is proper in light of the conclusion that the dramshop act applies only to retail licensees. The matter must be remanded for further proceedings regarding the rest of the plaintiffs' claims against Action Distributing.

Affirmed in part, reversed in part, and remanded.

INTOXICATING LIQUORS — DRAMSHOP ACT — EXCLUSIVE REMEDY.

The dramshop act provides the exclusive remedy against a retail licensee, but not a wholesale licensee, for money damages arising out of the selling, giving, or furnishing of liquor to a minor or a visibly intoxicated person (MCL 436.22[11]; MSA 18.993[11]).

*Larkin & Larkin, P.C.* (by *Joseph Larkin*), for Mark Tennile and Shanay Pace.

*Mellon, McCarthy & Van Dusen, P.C.* (by *Timothy R. Van Dusen* and *Bruce A. Measom*), for Action Distributing Co., Inc.

Before: MARKEY, P.J., and BANDSTRA and HOEKSTRA, JJ.

PER CURIAM. Plaintiff Mark Tennille was injured in an automobile accident when the vehicle in which he was a passenger, and which was operated by defendant Darryl Hurrington and owned by defendant Harriet Washington, was struck by a vehicle driven by defendant Daniel J. Hackney, who was intoxicated. Hackney was nineteen at the time of the accident and was employed by defendant Action Distributing Co., Inc., a liquor wholesaler. Earlier in the evening in question, Hackney had kept, paid for, and consumed a case of beer that had been refused by a customer of Action to whom he had made a delivery.

Following the accident, plaintiff filed suit against all defendants. Shanay Pace, plaintiff's minor daughter, filed a derivative loss of consortium claim. Before trial, the trial court granted Action partial summary disposition and eventually ordered dismissal of the remaining claim against Action as well. Trial proceeded against the remaining defendants, but only defendant Hackney was found liable. It is the dismis-

sal of plaintiff's claims against Action that plaintiff challenges on appeal. Specifically, plaintiff argues that summary disposition of his statutory and common-law claims was improper because the trial court incorrectly determined that plaintiff's exclusive remedy against Action was under the dramshop act, MCL 436.22; MSA 18.993, a provision of the Michigan Liquor Control Act, MCL 436.1 *et seq.*; MSA 18.971 *et seq.*, and that plaintiff's dramshop claim was without merit. We disagree with the trial court's conclusion that the dramshop act provided plaintiff's exclusive remedy. Rather, we hold that the dramshop act does not apply to wholesale licensees like Action. Accordingly, plaintiff's other claims against Action should not have been dismissed on that basis, and we reverse the order dismissing those claims and remand the case for further proceedings consistent with this opinion.

Although Action was not originally listed as a party defendant, plaintiff filed an amended complaint including Action as a defendant, and, eventually, a second amended complaint that alleged: (1) Action violated the Liquor Control Act by providing alcohol to Hackney and failing to supervise him, (2) Action's conduct amounted to common-law negligence, negligence per se, and gross negligence, (3) Action violated common-law duties arising from the master-servant relationship or respondeat superior, and (4) Action was liable under the dramshop act.

Following the filing of plaintiff's second amended complaint, the trial court found that the dramshop act was plaintiff's exclusive remedy and entered an order granting partial summary disposition to Action, dismissing plaintiff's claims "sounding in negligence,

respondeat superior, master/servant, etc." With regard to plaintiff's dramshop claim, the trial court determined that because Action was not a retail licensee it could not have violated MCL 436.22(3); MSA 18.993(3), which applies only to retail licensees. However, the trial court determined that Action could be liable to plaintiff under the dramshop act if plaintiff could prove an "unlawful sale" under MCL 436.22(4); MSA 18.993(4) by showing that Action knowingly furnished alcohol to defendant Hackney in violation of MCL 436.33(1); MSA 18.1004(1), which governs sales to minors.

Shortly thereafter, plaintiff moved for reconsideration of the trial court's order, arguing that the trial court committed error in requiring plaintiff to prove that Action knowingly furnished alcohol in light of the dramshop act's provision for strict liability. The trial court denied plaintiff's motion and also dismissed plaintiff's dramshop claim, finding that Action could not be held liable for the illegal acquisition of the intoxicants by Hackney because Action lacked knowledge of the acquisition and Hackney was acting outside the scope of his employment.

On appeal, plaintiff contends that the trial court erred in determining that plaintiff's exclusive remedy in this case was under the dramshop act. We agree.

The dramshop act, which created a new remedy not available at common law, "occupies the field of liability arising out of the selling, giving or furnishing of alcoholic liquor to minors or visibly intoxicated persons." *LaGuire v Kain*, 440 Mich 367, 374; 487 NW2d 389 (1992). Our Supreme Court has construed the act to be a "complete and self-contained solution" for cases arising under "dramshop-related" facts.

*Browder v Int'l Fidelity Ins Co*, 413 Mich 603, 615-616; 321 NW2d 668 (1982). The Legislature codified this intent by enacting 1986 PA 176, which states that the dramshop act "provides the exclusive remedy for money damages against a licensee arising out of the selling, giving, or furnishing of alcoholic liquor." MCL 436.22(11); MSA 18.993(11).

At issue in this appeal is whether the Legislature intended the word "licensee" in subsection 11 to apply to all licensees, thus making the dramshop act the exclusive remedy for all claims against liquor licensees of any type, or merely against retail licensees. The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Sanchez v Lagoudakis (On Remand)*, 217 Mich App 535, 540; 552 NW2d 472 (1996). To discover legislative intent, statutory provisions should be read in context to provide, if possible, an harmonious and consistent enactment as a whole. *Weems v Chrysler Corp*, 448 Mich 679, 699-700; 533 NW2d 287 (1995). Statutory language should be reasonably construed, and the purpose of the statute should be kept in mind. *Barr v Mt Brighton Inc*, 215 Mich App 512, 516; 546 NW2d 273 (1996).

We conclude that the intent of the Legislature was to limit the application of the exclusive remedy provision of the dramshop act to retail licensees. Support for this conclusion is found in the preamble to the Liquor Control Act. Although a preamble to an act is not to be considered authority for construing an act, it is useful for interpreting the purposes and scope of the act. *Malcolm v East Detroit*, 437 Mich 132, 143; 468 NW2d 479 (1991). Here, the preamble to the Liquor Control Act provides, in relevant part, that is it

an act "to prescribe liability for *retail* licensees under certain circumstances" (emphasis added).

A plain reading of the provisions of the Liquor Control Act in their entirety further supports our conclusion that the Legislature did not intend for wholesale licensees to be covered by the exclusive remedy provision of the dramshop act. The Liquor Control Act separately defines "retailer" and "wholesaler," MCL 436.2m(f), (i); MSA 18.972(13)(f), (i), and subsection 3 of the dramshop act states that "a *retail* licensee shall not . . . sell, furnish, or give alcoholic liquor" to a minor (emphasis added). Subsections 6, 8, 9, and 12 of the dramshop act also refer to "retail licensees." Even though subsections 4 and 11, which address actions for injuries and exclusiveness of remedy, do not contain such specific references, we believe that, when the Liquor Control Act is read as a whole, its provisions indicate a legislative intent to exclude wholesalers from dramshop liability.[1]

Refusing to view the dramshop act as a whole and looking at certain subsections in isolation, Action argues that subsections 4 and 11, which lack specific references to *retail* licensees, should be applicable to wholesalers such as themselves and that subsection 4 provides a separate cause of action for "unlawful" sales by any "person." We believe this position to be wholly without merit. We conclude that subsection 4, which addresses actions for injuries "pursuant to this section" of the Liquor Control Act, must be read in

---

[1] We also note that the subsections of the dramshop act have been revised over the years. Former subsections specifically included references to actions against wholesalers. We believe that the absence of such provisions in the current version of the law further evidences the Legislature's intent to exclude wholesalers from dramshop liability. See, e.g., 1980 PA 351; 1972 PA 196.

conjunction with subsection 3, which provides the only basis for liability under the dramshop act and clearly places that liability only on *retail* licensees. Furthermore, this Court and our Supreme Court have previously declined to expand the class of "people" who may be liable under this act beyond retail licensees. See, e.g. *Longstreth v Gensel*, 423 Mich 675, 684-685; 377 NW2d 804 (1985); *Vander Bossche v Valley Pub*, 203 Mich App 632, 638; 513 NW2d 225 (1994); *Lover v Sampson*, 44 Mich App 173, 180; 205 NW2d 69 (1972). In *Milliross v Plum Hollow Golf Club*, 429 Mich 178, 189; 413 NW2d 17 (1987), our Supreme Court concluded that the word "unlawful" in the dramshop act simply qualified a plaintiff's right to recover and did not affect the applicability of the act.

Moreover, we believe the Legislature's repeated use of the terms "retailer" and "retail licensee" throughout the sections that immediately follow the dramshop act and further implement its provisions to be additional evidence that only retailers can be liable for dramshop violations. MCL 436.22a(1); MSA 18.993(1)(1) regulates the process of obtaining liability insurance by "any retailer or applicant for a retail license" for the purpose of providing security for "the damages specified in section 22." MCL 436.22c; MSA 18.993(3) regulates service of process in lawsuits against "a retailer as defendant . . . to enforce the liability in section 22." Likewise, MCL 436.22h(1); MSA 18.993(8)(1) provides that a "retail licensee" may present evidence that it was adhering to "responsible business practices" in defense of "a civil action under section 22."

Finally, several Michigan courts have addressed the Legislature's objective in enacting the dramshop act.

In *Browder, supra* at 611, our Supreme Court found that the Legislature's objective was to "discourage bars from selling intoxicating beverages to minors or visibly intoxicated persons." In *Lover, supra* at 180, a case involving a social host, this Court held that use of the phrase "dramshop act" to describe MCL 436.22; MSA 18.993 was evidence that only tavern owners were intended to be held liable under its provisions.

In sum, we hold that the dramshop act applies only to retailers of intoxicating liquor. Consequently, the trial court erred in finding that Action, a wholesaler rather than a retailer of alcoholic beverages, was entitled to dismissal of plaintiff's other claims of liability because the dramshop act provided plaintiff's exclusive remedy.

We reverse the order of the trial court finding the dramshop act to provide plaintiff's exclusive remedy and dismissing plaintiff's other claims.[2] On remand, the trial court should consider the merits of plaintiff's remaining claims. We do not retain jurisdiction.

---

[2] Given our conclusion that the dramshop act applies only to retail licensees, the trial court's order dismissing plaintiff's dramshop claim is affirmed, albeit for different reasons than those stated by the trial court.