RAY v TAFT

Docket Nos. 58840, 58873. Submitted December 22, 1982, at Detroit.—
Decided May 3, 1983.

Alan Ray was injured on July 2, 1977, when his motorcycle was
struck by an automobile driven by Frank St. Clair, Jr. Prior to
the accident, St. Clair had consumed beer at the Squire Pub. At
the time of the accident, the Squire Pub was owned and
operated by Harold Pukoff. On January 3, 1978, Albert T. Taft
and Dennis Taft were appointed co-receivers of the assets of the
Squire Pub pursuant to their prior security interest in the
assets of the Squire Pub. The court order appointing the
receivers was erroneously dated January 3, 1977. In July, 1978,
Ray commenced a negligence action in Oakland Circuit Court
against St. Clair. In April 1979, Ray amended his complaint to
include a dramshop action against "Albert T. Taft, Dennis H.
Taft, doing business as The Squire Pub, jointly and individu-
ally". In January 1980, Ray filed a second amended complaint,
naming as defendants to the dramshop action "Albert T. Taft,
Dennis H. Taft, Harold Pukoff, doing business as The Squire
Pub, jointly and severally". Pukoff moved for accelerated judg-
ment on the basis that the two-year limitation period for
dramshop actions had run prior to the commencement of the
action against him. Farrell E. Roberts, J., granted Pukoff's
motion. Albert T. Taft moved for summary judgment on the
basis that neither his status as a holder of a security interest in
the assets of the Squire Pub at the time of the accident nor his

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] 45 Am Jur 2d, Intoxicating Liquors § 589.
    What statute of limitations applies to action under dramshop or
    civil damage act. 55 ALR2d 1286.
[2, 5] 51 Am Jur 2d, Limitation of Actions § 277.
[3] 51 Am Jur 2d, Limitation of Actions §§ 217-221, 223.
[4, 7] 45 Am Jur 2d, Intoxicating Liquors §§ 578, 587.
·  Who is, as "owner" of premises on which intoxicating liquor is sold,
    liable under civil damage or dramshop acts. 18 ALR3d 1323.
[5] 45 Am Jur 2d, Intoxicating Liquors § 596.
[6] 73 Am Jur 2d, Summary Judgment §§ 26, 27.
[8] 61A Am Jur 2d, Pleading §§ 309-312.

subsequent appointment as a co-receiver of those assets created personal liability in him under the dramshop act. Plaintiff moved for leave to amend his complaint so as to specify that the Tafts were being sued as trustees of the assets of the Squire Pub rather than as its owners. Judge Roberts granted defendant Albert T. Taft's motion for summary judgment. Plaintiff appealed separately the granting of accelerated judgment in favor of Pukoff and the granting of summary judgment in favor of Albert Taft. The appeals were consolidated for consideration. *Held:*

1. Accelerated judgment in favor of defendant Pukoff was properly granted. The dramshop action was not commenced against him until he was named as a defendant in the amended complaint. Since such amendment was after the running of the statutory period, accelerated judgment in Pukoff's favor was proper. The late naming of Pukoff as a defendant fits into none of the recognized exceptions to the general rule that the period of limitation continues to run with respect to a joint tortfeasor until such person is named as a defendant. The misdated court order does not excuse plaintiff's lack of diligence in determining who held the liquor license for the Squire Pub on the date of the accident.

2. The trial court properly granted summary judgment in favor of defendant Albert Taft. The allegation in Taft's affidavit that he had only a security interest in the assets of the Squire Pub at the time of the accident was uncontroverted. As a matter of law, neither the security interest nor the subsequent appointment as a co-receiver of the assets of the Squire Pub create personal liability in Albert Taft for any violation of the provisions of the dramshop act.

3. While it was error for the trial court to fail to make a specific finding as to why justice would not be served by permitting the amendment by plaintiff of his pleadings, reversal is not mandated since the proposed amendment would be futile. Personal liability does not attach to one who, subsequent to an accident, becomes a co-receiver of the assets of a dramshop; accordingly, plaintiff's proposed amendment to his pleading would create a claim which would be equally subject to summary judgment in favor of defendant Albert Taft.

Affirmed.

1. INTOXICATING LIQUORS — DRAMSHOP ACT — LIMITATION OF ACTIONS.

An action brought under the provisions of the dramshop act must be filed within two years from the date of the injury arising out

of the selling, giving or furnishing of intoxicating liquor to the person causing the injury (MCL 436.22[5]; MSA 18.993[5]).

2. LIMITATION OF ACTIONS — JOINT TORTFEASORS — PLEADING — AMENDMENT OF PLEADINGS — ADDITION OF PARTIES.

A statutory period of limitation continues to run in favor of an alleged joint tortfeasor until he is made a party to the suit, and where a plaintiff attempts to amend his pleadings to add the new party after the expiration of the period of limitation, the party sought to be added may avail himself of the statutory bar, unless the new party is a necessary party or has acquired his interest in the subject matter of the suit *pendente lite* or unless the amendment merely corrects a defect in the original proceedings.

3. LIMITATION OF ACTIONS — PLEADING — AMENDMENT OF PLEADINGS — MISNAMED PARTIES.

Pleadings may be amended to correct a misnomer after the applicable limitation period has run where the right party was originally served under the wrong name or in an incorrect capacity since, under such circumstances, the limitation period is deemed to be tolled because the true defendant had notice of the litigation and would not be prejudiced by the amendment of the pleadings.

4. INTOXICATING LIQUORS — DRAMSHOP ACT — PARTIES.

The true defendant in a dramshop act action is the person who sells, gives or furnishes the liquor, not the place in which the liquor is sold, given or furnished (MCL 436.22[5]; MSA 18.993[5]).

5. INTOXICATING LIQUORS — DRAMSHOP ACT — ACTIONS.

A dramshop act action is not commenced until the person who allegedly sold, gave or furnished the liquor is joined as a defendant (MCL 436.22[5]; MSA 18.993[5]).

6. MOTIONS — SUMMARY JUDGMENT — GENUINE ISSUE OF MATERIAL FACT.

A motion for summary judgment on the ground that there is no genuine issue as to any material fact tests whether there is factual support for a claim and is to be tested by the pleadings, affidavits, depositions, admissions and other documentary evidence available to the court and is properly granted only where it is impossible for the claim asserted to be supported by evidence at trial (GCR 1963, 117.2[3]).

7. INTOXICATING LIQUORS — DRAMSHOP ACT — PARTIES.

    Personal liability under the dramshop act does not extend to a person who at the time of the injury holds a security interest in the assets of the establishment in which the intoxicating liquor was sold and who thereafter becomes the receiver of the assets of that establishment (MCL 436.22[5]; MSA 18.993[5]).

8. MOTIONS — COMPLAINTS — AMENDMENT.

    Motions to amend a complaint must be freely given when justice so requires; a denial of such a motion, although discretionary, must be supported by specific findings as to why justice would not be served by the amendment (GCR 1963, 118.1).

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Fred W. Gerow* and *Ernest R. Bazzana),* for plaintiff.

*M. Glenn Grossman,* for defendant Albert T. Taft.

*Bell & Hertler, P.C.* (by *John W. Bell),* for defendant Pukoff.

Before: V. J. BRENNAN, P.J., and M. J. KELLY and J. M. GRAVES, JR.,* JJ.

J. M. GRAVES, JR., J. On July 2, 1977, plaintiff, while operating his motorcycle, was struck from behind by an automobile driven by defendant St. Clair. Prior to the accident, defendant St. Clair had consumed beer at the Squire Pub. At that time, defendant Pukoff owned and operated the pub. On January 3, 1978, defendants Albert Taft and Dennis Taft were appointed co-receivers of the Squire Pub pursuant to their prior security interest in the pub's assets. However, the court order appointing them co-receivers was erroneously dated January 3, 1977. The liquor license which was associated with the Squire Pub was trans-

    * Circuit judge, sitting on the Court of Appeals by assignment.

ferred from the Tafts as co-receivers for Pukoff to Carmine F. Buffone on August 22, 1980.

On July 20, 1978, plaintiff filed his negligence complaint against defendant St. Clair. On April 18, 1979, plaintiff filed his first amended complaint which added a dramshop action, MCL 436.22(3); MSA 18.993(3), against "Albert T. Taft, Dennis H. Taft, doing business as The Squire Pub, jointly and individually". On January 17, 1980, plaintiff filed his second amended complaint which amended his dramshop action so as to name "Albert T. Taft, Dennis H. Taft, Harold Pukoff, doing business as The Squire Pub, jointly and severally". However, because of difficulties in serving process on defendant Pukoff, substituted service on Pukoff was not effective until sometime after July 9, 1980. Defendant Pukoff timely moved for accelerated judgment pursuant to GCR 1963, 116.1(5) on July 24, 1980, claiming that the two-year dramshop statute of limitations, MCL 436.22(5); MSA 18.993(5), barred the claim against him. The trial court granted Pukoff's motion for accelerated judgment.

Defendant Albert Taft moved for summary judgment on February 27, 1981. In response to the motion, plaintiff implicitly admitted the truth of Albert Taft's averments but moved for leave to amend the complaint so as to specify that the Tafts were being sued as trustees of the Squire Pub and not as its owners. The trial court rendered the motion to amend moot by granting the motion for summary judgment pursuant to GCR 1963, 117.2(3).

Plaintiff first argues that the trial court erred by granting accelerated judgment in favor of defendant Pukoff pursuant to GCR 1963, 116.1(5). We disagree. It is unquestioned that defendant Pukoff's motion for accelerated judgment was timely

filed pursuant to GCR 1963, 116.1. It is equally clear that a dramshop claim must be filed within two years from the date of the injury arising from the selling, giving or furnishing of intoxicating liquor to the person causing the injury. MCL 436.22(5); MSA 18.993(5); *Browder v International Fidelity Ins Co,* 413 Mich 603, 615; 321 NW2d 668 (1982).

Commencement of an action against one party usually does not operate to toll the running of the applicable period of limitation as to other persons not named as defendants in the suit. *Matti Awdish, Inc v Williams,* 117 Mich App 270, 277-278; 323 NW2d 666 (1982). As the Court noted in *Forest v Parmalee (On Rehearing),* 60 Mich App 401, 406-407; 231 NW2d 378 (1975), *aff'd on other grounds* 402 Mich 348; 262 NW2d 653 (1978):

"According to Anno: *Change in party after statute of limitations has run,* 8 ALR2d 6, § 53, p 112, it is 'well settled' that:

" 'Where a defendant is brought into an action for the first time upon the filing of an amended or supplemental complaint, the filing of the amendment constitutes the commencement of the action in so far as such new defendant is concerned. The statutory period runs until the time of the filing of the amendment, and if at that time the action is barred, a party thus subsequently brought in may avail himself of the plea.'

"An exception to this rule is that the additional defendant may be brought in after the expiration of the statute of limitations where the new party is a necessary party, or acquired its interest in the subject matter of the suit 'pendente lite' or where the amendment 'merely corrects a defect in the original proceeding'. 8 ALR2d 6, 112. * * * As a general rule, the statute of limitations continues to run in favor of an alleged joint tort-feasor until it is made a party to a suit. 8 ALR2d 6, § 58, p 120. 51 Am Jur 2d, Limitation of Actions, §§ 272, 277, pp 798, 800. See also *Ciotti v Ullrich,* 267 Mich

136, 138-139; 255 NW 179 (1934), for the general rule that suit is not considered having been commenced against a new defendant until that person is made a party."

None of the aforementioned exceptions cited in *Forest, supra,* apply to plaintiff. Pukoff did not acquire his interest in the subject matter of the suit *"pendente lite".* Although plaintiff argues that the amended complaint merely corrects a defect, *i.e.,* a misnomer, the record clearly reveals that a situation of mere misnomer did not exist. A misnomer results

"where the right party is served under a wrong name or in an incorrect capacity. In this situation, the courts have deemed the applicable statute of limitations tolled because the true defendant had notice of the litigation and was not prejudiced by the amendment. For a general discussion of the misnomer problem, including citations, see *Cobb v Mid-Continent Telephone Service Corp,* [90 Mich App 349], 354-357 [282 NW2d 317 (1979)]." *Matti Awdish, Inc, supra,* p 279.

In the case at bar, plaintiff erroneously assumes that the true defendant was the Squire Pub and thus reasons that he served it in the wrong name, *i.e.,* defendants Taft instead of defendant Pukoff. However, the *place* in which the liquor is sold, given or furnished is not the defendant. Rather, MCL 436.22(5); MSA 18.993(5) provides that the *person* who sells, gives or furnishes the liquor is the true defendant in a dramshop action. Because defendant Pukoff was the true defendant, the trial court did not encounter a misnomer situation. Pukoff was not named as a defendant until after the expiration of the period of limitation, and he was not served in either his right name or a wrong name until after the expiration of the statutory

period of limitation. Neither is there anything in the record to suggest that Pukoff had actual notice or constructive notice of the lawsuit within the limitations period.

Plaintiff further argues that Pukoff was a necessary party to the dramshop action so as to be within one of the exceptions stated in *Forest, supra.* Although MCL 436.22(5); MSA 18.993(5) requires the intoxicated person to be named as a necessary party defendant in a dramshop action, the converse is not true, *i.e.,* the retailer of liquor is not a necessary party in a negligence action against an intoxicated driver. Plaintiff filed his initial suit against an alleged intoxicated driver, and Pukoff was not a necessary party in an action against a defendant driver involved in the collision. Neither was Pukoff a necessary party in any action filed against that business entity known as "The Squire Pub", because a dramshop action is not even commenced until the person who allegedly sold, gave or furnished the liquor is joined as a defendant.

Plaintiff's failure to comply with the applicable statute of limitations is not excused by any alleged "due diligence" on the part of plaintiff in attempting to identify the liquor licensee. Such an argument is neither legally nor factually persuasive in the context of the facts presented in the case at bar. Statutes of limitation serve a vital and necessary function in the legal system.

" 'Statutes of limitation are vital to the welfare of society and are favored in the law. They are found and approved in all systems of enlightened jurisprudence. They promote repose by giving security and stability to human affairs. An important public policy lies at their foundation. They stimulate to activity and punish negligence. While time is constantly destroying the evidence

of rights, they supply its place by a presumption which renders proof unnecessary. Mere delay, extending to the limit prescribed, is itself a conclusive bar. The bane and antidote go together.'" *Charpentier v Young,* 83 Mich App 145, 151; 268 NW2d 322 (1978), citing *Wood v Carpenter,* 101 US 135, 139; 25 L Ed 807, 808 (1879).

In view of the strong policy considerations favoring statutes of limitation, we hold that plaintiff's reliance upon a misdated court order did not constitute due diligence sufficient to toll the running of the statutory period of limitation. Defendant Pukoff should not be denied the protections afforded by the statute on so casual a basis. We hold that a minimum standard of due diligence in the case at bar would have included an investigation by plaintiff of the *primary source* of records of liquor licensees as of the date of the accident. A plaintiff's right to obtain information as to the identity of liquor licensees from the Michigan Liquor Control Commission is provided by the Michigan Freedom of Information Act, MCL 15.231 *et seq.;* MSA 4.1801 *et seq.*

As to plaintiff's contention that the trial court erred by granting summary judgment pursuant to GCR 1963, 117.2(3) in favor of defendant Albert Taft, we find that the grant of summary judgment was appropriate. When passing upon a motion under this subrule, the court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence then available to it. Before the judgment may properly be granted, the court must be satisfied that it is impossible for the claim asserted to be supported by evidence at trial. The motion has the limited function of determining whether material issues of fact exist. The trial court must carefully avoid making findings of fact under the guise of determining that no issues of

material fact exist. *Partrich v Muscat,* 84 Mich App 724, 730-731; 270 NW2d 506 (1978).

The court granted defendant Albert Taft's motion for summary judgment as to his personal liability. Taft's uncontroverted affidavit stated that, on the date of the accident, he had only a security interest in some of the Squire Pub's assets. He further averred that he did not become one of the pub's operating receivers until 1978. MCL 436.22(5); MSA 18.993(5) establishes a dramshop action "against the person who by the selling, giving, or furnishing the liquor has caused or contributed to the intoxication of the person who has caused or contributed to the injury". This language does not include one who merely holds a security interest in the establishment. Liability under the dramshop act is limited to persons within the class of liquor traffickers specifically delineated in the provisions of the dramshop act. *Guitar v Bieniek,* 402 Mich 152, 166; 262 NW2d 9 (1978). Because plaintiff presented nothing that would create a genuine issue of material fact as to the averments in Albert Taft's affidavit, the trial court properly granted summary judgment in favor of defendant Albert Taft.

Plaintiff finally argues that the trial court erred by denying his motion to amend his complaint pursuant to GCR 1963, 117.3. Plaintiff's proposed amendment would have charged Albert Taft with liability in his official capacity as co-receiver of the Squire Pub as opposed to liability in his personal capacity as owner and operator. The trial court apparently ignored plaintiff's motion to amend, thus implicitly denying it. GCR 1963, 118.1 provides that leave to amend shall be freely given when justice so requires. The trial court's failure to set forth specific findings as to why justice

would not be served by a requested amendment constitutes reversible error. *Hanon v Barber,* 99 Mich App 851, 857; 298 NW2d 866 (1980). In such a case, this Court may grant the motion pursuant to GCR 1963, 820.1(7). *Goldstein v Kern,* 82 Mich App 723, 727; 267 NW2d 165 (1978).

Nevertheless, we decline to reverse on these grounds. The trial court does not abuse its discretion in refusing to permit an amendment when the amendment would be futile. *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 656; 213 NW2d 134 (1973), citing *Foman v Davis,* 371 US 178, 182; 83 S Ct 227; 9 L Ed 2d 222 (1962). In the instant case, plaintiff's proposed amendment would have asserted liability against Albert Taft in his official capacity as co-receiver of the Squire Pub. We have already noted that there is no authority which permits a dramshop action to be brought against one who did not sell, give, or furnish the intoxicating liquor to the alleged intoxicated person who caused the injury. Plaintiff once again apparently erroneously assumes that liability for his injuries attaches to the bar; however, as we have previously stated, the dramshop act attaches personal liability to the *person* who sold, gave or furnished the intoxicating liquor and his or her surety. See *Guitar, supra; Browder v International Fidelity Ins Co,* 413 Mich 603, 612-613; 321 NW2d 668 (1982).

Affirmed.