Ricky L. GROVIJOHN, Appellant,

v.

VIRJON, INC., d/b/a J.D.'s
Circle Inn, Appellee.

No. 00–0345.

Supreme Court of Iowa.

Feb. 27, 2002.

William R. Hughes, Jr., and Kristopher K. Madsen of Stuart, Tinley, Peters, Thorn, Hughes, Faust & Madsen, Council Bluffs, for appellant.

Jeff W. Wright of Heidman, Redmond, Fredregill, Patterson, Plaza, Dykstra & Prahl, L.L.P., Sioux City, for appellee.

STREIT, Justice.

Ricky Grovijohn and Julie Douglas were drinking at J.D.'s Circle Inn (Virjon, Inc.). They left the bar together with Douglas driving Grovijohn's car. Douglas drove the car into another car, injuring Grovijohn. Thirteen months later, Grovijohn notified the bar of his intent to file suit under the Iowa dram shop act. The action was filed in June of 1999. The district court granted Virjon's motion for summary judgment because Grovijohn failed to notify the dramshop of his claim within six months as required by Iowa Code section 123.93 (1997) and he failed to produce any evidence that he qualified for any of the exceptions to the notice requirement under this section. Grovijohn appeals contending the notice provision violates his right to equal protection and there were genuine issues of material fact preventing the granting of the motion for summary judgment. Because we find the six-month notice requirement does not violate his right to equal protection and the court properly granted the motion for summary judgment, we affirm.

## I. Facts

On December 22, 1997, Ricky Grovijohn and Julie Douglas went to J.D.'s Circle Inn (Virjon, Inc.) to have a few drinks. After downing several drinks at this bar, Grovijohn and Douglas left together in Grovijohn's car. Later, Douglas drove Grovijohn's car into a collision with another car, injuring Grovijohn.

Grovijohn did not contact his lawyer regarding this accident until January 1999. At that time, his lawyer told him of the possibility of a dramshop action against Virjon. Grovijohn notified Virjon on January 22, 1999, of his intention to sue under the Iowa dram shop act. The action was filed in June of 1999.

Virjon filed a motion for summary judgment based on Grovijohn's failure to comply with the six-month notice provision of Iowa Code section 123.93 (1997). The district court granted Virjon's motion concluding Grovijohn's notice was untimely and he failed to establish any of the exceptions to the six-month notice requirement under the statute. Iowa Code § 123.93. Grovijohn appeals.

On appeal, Grovijohn argues Iowa Code section 123.93 violates his state and federal rights to equal protection of the laws. He also contends the district court erred in granting the motion for summary judgment because there were genuine issues of material fact as to whether Grovijohn qualified for any of the exceptions to the notice provision.

## II. Scope of Review

■ The scope of review on a motion for summary judgment is for correction of errors at law. *Kolbe v. State*, 625 N.W.2d 721, 725 (Iowa 2001) (citing *Knudson v. City of Decorah*, 622 N.W.2d 42, 48 (Iowa 2000)). Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Iowa R. Civ. P. 237(c). We review the record in the light most favorable to the party opposing the motion for summary judgment. *Kelly v. Iowa Mut. Ins. Co.*, 620 N.W.2d 637, 641 (Iowa 2000). On appeal, we determine whether a genuine issue of material fact exists and whether the district court correctly applied the law. *Id.* (citing *Red Giant Oil Co. v. Lawlor*, 528 N.W.2d 524, 528 (Iowa 1995)).

■ Our review of constitutional claims is de novo. We recently summarized the appropriate scope of review for a constitutional challenge of a statute.

> Statutes are cloaked with a strong presumption of constitutionality and, thus, a party challenging a statute carries a heavy burden of rebutting this presumption. A person challenging a statute must negate every reasonable basis upon which the statute could be upheld as constitutional.

*Channon v. United Parcel Serv., Inc.*, 629 N.W.2d 835, 852 (Iowa 2001) (quoting *In re Morrow*, 616 N.W.2d 544, 547 (Iowa 2000)).

## III. The Merits

■ Many states have passed legislation known as dramshop acts. These statutes are designed to give parties injured by an intoxicated person a right of action against the persons who sold and served the intoxicating liquors. *Slager v. HWA Corp.*, 435 N.W.2d 349, 351 (Iowa 1989) (citing 48A C.J.S. *Intoxicating Liquors* § 429, at 136 (1981)). In Iowa, the dramshop statute has been in existence since 1862. *See* 1862 Iowa Acts ch. 47, § 2. Iowa Code section 123.92 provides in part:

> Any person who is injured ... by an intoxicated person or resulting from the intoxication of a person, has a right of action for all damages actually sustained, severally or jointly, against any licensee or permittee ... who sold and served any beer, wine, or intoxicating liquor to the intoxicated person when the licensee or permittee knew or should have known the person was intoxicated, or who sold to and served the person to a point where the licensee or permittee knew or should have known the person would become intoxicated. If the injury was caused by an intoxicated person, a permittee or licensee may establish as an affirmative defense that the intoxication did not contribute to the injurious action of the person.

Iowa Code § 123.92 (1997). The first step in making such a claim requires the injured party to notify the dramshop of his or her intent to sue under the Iowa dramshop statute. Specifically, our dramshop statute further provides,

> within six months of the occurrence of an injury, the injured person shall give written notice to the licensee or permittee or such licensee's or permittee's insurance carrier of the person's intention

to bring an action under this section, indicating the time, place and circumstances causing the injury.

*Id.* We have held the Iowa dramshop statute provides the exclusive remedy against a licensee or permittee for selling intoxicating beverages to an intoxicated person. *Slager,* 435 N.W.2d at 352 (citing *Snyder v. Davenport,* 323 N.W.2d 225, 227 (Iowa 1982)).

▮▮▮ A distinguishing feature of the Iowa dram shop act is that it created liability where none existed at common law. *Slager,* 435 N.W.2d at 354. It provides the exclusive remedy against a liquor licensee or permittee for violation of the statute. *Id.* Since the legislature created this cause of action, it follows the legislature may affix the conditions under which it is to be enforced. *Arnold v. Lang,* 259 N.W.2d 749, 751 (Iowa 1977) (quoting *Boyle v. Burt,* 179 N.W.2d 513, 515 (Iowa 1970)). We will not question the legislature's policy determinations made in an area involving neither a suspect class nor a fundamental right. *See City of New Orleans v. Dukes,* 427 U.S. 297, 303, 96 S.Ct. 2513, 2517, 49 L.Ed.2d 511, 517 (1976).

## A. Iowa Dram Shop Act Notice Provision

▮▮▮ Grovijohn contends the notice provision of Iowa Code section 123.93 is unconstitutional as a violation of his right to equal protection of the laws. Within this context, he asserts the adoption of comparative fault in Iowa also requires us to strike down Iowa Code section 123.93 as unconstitutional. We first address the issue of comparative fault and then we turn to Grovijohn's equal protection claim.

Grovijohn asserts the principles of comparative fault require us to find the Iowa dramshop notice requirement is unconstitutional as a violation of equal protection.[1] Though Grovijohn does not articulate why the advent of comparative fault mandates such a conclusion, we will briefly speak to this issue. We have previously addressed whether the legislature intended comparative fault chapter 668 coverage to include dramshop actions. *Slager,* 435 N.W.2d at 350. In *Slager,* we concluded the legislature did not intend chapter 668 to apply to dramshop actions. *Id.* at 353. More specifically, we held comparative fault is not a defense to a dramshop action. *Id.* at 358. We reasoned if the legislature intended chapter 668 to cover dramshop actions, the legislature could easily have done so. *Id.* The same reasoning is applicable to the case before us. There is nothing in chapter 668 to indicate the legislature intended comparative fault to nullify the procedural requirements of Iowa Code section 123.93. Having concluded comparative fault does not play a role in a dramshop action, that change alone does not affect the validity of the notice requirement of the Iowa dram shop act.

▮▮▮ We now turn to Grovijohn's claim the notice requirement violates his right to equal protection of the laws. The constitutional protection of equal protection of the laws means similarly situated persons must receive similar treatment un-

---

1. Though we have not previously addressed the constitutionality of the notice provision since the adoption of comparative fault, we have twice examined generally whether the Iowa dram shop act violates equal protection. Both cases involved a challenge to the limitation of liability our dramshop statute imposes. We first held limiting liability to those who sell and serve alcohol on their premises does not violate equal protection. *Kelly v. Sinclair Oil Corp.,* 476 N.W.2d 341, 348 (Iowa 1991). One year later we held there is no violation of equal protection where the Iowa dram shop act imposes liability on those who serve and sell alcohol but not on those who are only involved in the sale of alcohol. *Eddy v. Casey's Gen. Store, Inc.,* 485 N.W.2d 633, 635 (Iowa 1992).

der the law. *Kuta v. Newberg,* 600 N.W.2d 280, 288 (Iowa 1999) (citing *Norland v. Grinnell Mut. Reins. Co.,* 578 N.W.2d 239, 241 (Iowa), *cert. denied,* 525 U.S. 932, 119 S.Ct. 342, 142 L.Ed.2d 282 (1998)). If the claimed dissimilar treatment does not involve a suspect class or a fundamental right, any classification made by the statute need only have a rational basis. *State v. Cronkhite,* 613 N.W.2d 664, 668 (Iowa 2000) (citing *In re C.P.,* 569 N.W.2d 810, 812–13 (Iowa 1997)).

■ The first step of an equal protection claim is to identify the classes of similarly situated plaintiffs singled out for differential treatment. Grovijohn does not articulate the class of similarly situated plaintiffs who are allegedly treated differently under our dramshop statute. Dramshop plaintiffs are a class of plaintiffs uniquely created by the legislature and, as such, are different from personal injury claimants generally. It is significant all dramshop plaintiffs, as a unique class, are treated alike amongst themselves. All such plaintiffs are subject to the same requirements of the dramshop statute. Because Grovijohn has not satisfied the first step of an equal protection analysis, we do not address whether the dramshop statute has a rational relationship to a legitimate government interest. Grovijohn failed to prove the dramshop statute is unconstitutional.

We conclude all dramshop plaintiffs are subject to the same requirements of the dramshop statute, including the six-month notice requirement. When a statute supplies a specific notice requirement as a condition precedent to suit, any claims under that statute are barred when notice has not been timely given. Since Grovijohn failed to give notice to Virjon within six months from the date of the accident, we find the court properly granted Virjon's motion for summary judgment. We affirm.

**B. Exceptions to the Notice Requirement**

■ Iowa Code section 123.93 contains three exceptions to the six-month notice requirement. The notice period shall be extended if: (1) the injured party is incapacitated at the end of the six-month period; (2) the injured party is unable, through reasonable diligence, to discover the name of the potential dramshop defendant; or (3) the injured party, through reasonable diligence, is unable to discover the identity of the person causing the injury. Iowa Code § 123.93. Grovijohn contends the district court erred in granting summary judgment. He argues there were genuine issues of material fact regarding whether he qualified for any of the three exceptions to the notice requirement.

Grovijohn did not present any evidence to the court in his resistance to Virjon's motion for summary judgment relevant to any of the exceptions. Grovijohn merely asserted he was incapacitated after the accident. He did not articulate the nature or scope of his incapacity, nor did he claim he was incapacitated at the end of the six-month period. Grovijohn did not argue he was unable, through reasonable diligence, to discover the name of the potential dramshop defendant. Finally, he does not present any evidence to support the third exception that he, through reasonable diligence, was unable to discover the identity of the person causing the injury. We disagree with Grovijohn's suggestion the terms reasonable diligence and incapacity are ambiguous. However, even if we were to accept his argument, this does not change Grovijohn's presenting no evidence to the court to support the existence of a material issue regarding any of the three exceptions to the notice requirement. We

conclude the district court properly granted Virjon's motion for summary judgment as there were no genuine issues of material fact. We affirm.

**AFFIRMED.**