# IN THE SUPREME COURT OF IOWA

No. 18–1225

Filed January 17, 2020

**JERAMY HOLLINGSHEAD,**

Appellant,

vs.

**DC MISFITS, LLC**

Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, David N. May, Judge.

Plaintiff seeks further review of a court of appeals decision affirming a district court's dismissal of his dramshop claim for failure to comply with the notice requirements under Iowa Code section 123.93 (2015). **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**

Robert B. Garver, West Des Moines, for appellant.

Thomas Henderson and Nick J. Gral (until withdrawal) of Whitfield & Eddy, P.L.C., Des Moines, for appellee.

**WIGGINS, Chief Justice.**

An injured party brought a dramshop action against a bar. The bar moved for summary judgment on the ground that the notice given to the bar or its insurance carrier did not comply with Iowa Code section 123.93 (2015). The district court granted the bar's motion. The injured party appealed. We transferred the appeal to the court of appeals. The court of appeals affirmed the district court's order granting the motion. The injured party applied for further review, which we granted. On further review we find the notice given substantially complied with section 123.93. Therefore, we vacate the decision of the court of appeals, reverse the judgment of the district court, and remand the case to the district court for further proceedings.

## I. Background Facts and Proceedings.

On December 12, 2015, Jeramy Hollingshead claims he was injured during an incident at Misfits, a bar in Des Moines. On June 8, 2016, Hollingshead's counsel sent notice pursuant to section 123.93 via certified mail to Founders Insurance Company. The letter named the holder of the liquor license as "Leonard LLC DBA Misfits." The notice given by Jeramy Hollingshead stated,

> Notice is hereby given pursuant to Iowa Code Sec. 123.93 (2015) of the intention of the undersigned to bring an action under Sec. 123.92 on behalf of Jeramy Hollingshead who was injured on or about December 12, 2015, at Misfits. Mr. Hollingshead was assaulted by an individual(s) at Misfits who had become intoxicated at the aforementioned bar. Please direct all further communication and correspondence through my office.

The record establishes the holder of the liquor license was DC Misfits, LLC not Leonard LLC DBA Misfits. Leonard LLC DBA Misfits was the holder of the liquor license prior to DC Misfits, LLC. Although the

name of the liquor license holder in the notice was incorrect, the bar operated under the name Misfits.

Plaintiff's statement of undisputed facts states Founders Insurance Company provided the dramshop insurance to Misfits from 2014 through 2017, regardless of what entity held the liquor license. There is nothing in the record contradicting this claim. The alleged problem with the notice was that it named Leonard LLC DBA Misfits as the liquor license holder not DC Misfits, LLC.

Founders responded to the notice given by Hollingshead as follows:

Founders issued a policy to Leonard LLC DBA Misfits under policy number ELIA101341 for a policy period 2/1/15 to 2/1/16. The policy carries Liquor Liability coverage. **Please note the policy was canceled effective 2/1/15.** Attached for your review is the Notice of Cancellation.

The date of loss referenced above falls outside of our policy period. Therefore, there is no coverage under the Founders policy for this incident.

If there are any questions regarding this letter, please feel free to contact the undersigned at your convenience.

Founder's did not deny it was the insured for the bar known as Misfits.

In April 2017, Hollingshead filed the petition at issue in this case. In his petition, Hollingshead asserted a dramshop claim against DC Misfits, LLC. DC Misfits moved for summary judgment. In its motion, DC Misfits contended Hollingshead did not provide DC Misfits with statutory notice of his intent to pursue a dramshop claim against Misfits.

The summary judgment record showed Leonard LLC, the entity Hollingshead identified as the insured owner in his notice to Founders, was formed in January 2014 and was administratively dissolved in 2015. Leonard LLC was organized by Daniel Leonard. Leonard LLC was not the owner or operator of Misfits at the time of the alleged injury. DC Misfits was formed in 2015. Ricky Folkerts was the owner and operator of

DC Misfits. DC Misfits became the owner and operator of Misfits in early 2015 and was the owner and operator of the bar at the time of the alleged injury in December 2015. Leonard LLC and DC Misfits were separate legal entities without any apparent relation.

Based on this record, the district court granted DC Misfits' motion for summary judgment and dismissed Hollingshead's petition. A divided court of appeals affirmed the dismissal, and we granted further review.

## II. Scope and Standards of Review.

The standard of review for summary judgment is correction of errors of law. *Skadburg v. Gately*, 911 N.W.2d 786, 791 (Iowa 2018). The party requesting summary judgment "has the burden of showing the absence of a genuine issue of material fact." *Id.* We review the facts in the record "in the light most favorable to the nonmoving party" and "draw every legitimate inference in favor of the nonmoving party." *Id.*

## III. Analysis.

The general assembly created Iowa's dramshop liability by statute. Iowa Code § 123.92. One of the statutory conditions prerequisite to pursuing such an action is section 123.93. *Arnold v. Lang*, 259 N.W.2d 749, 750–51 (Iowa 1977). The Code provides,

> Within six months of the occurrence of an injury, the injured person shall give written notice to the licensee or permittee or such licensee's or permittee's *insurance carrier* of the person's intention to bring an action under this section, indicating the time, place and circumstances causing the injury.

Iowa Code § 123.93 (emphasis added).

We have stated the purpose of this provision is to give the insurance carrier and/or the licensee notice of the time, place, and circumstances of the injury so that the licensee can investigate the facts of the claim while the facts are still fresh. *Arnold*, 259 N.W.2d at 751. We only require

substantial compliance with the notice provision. *Id.* at 752. Moreover, when "a question is raised as to whether a [section] 123.93 claim notice has been given a jury issue is ordinarily engendered." *Id.* at 753.

In *Arnold,* we held the notice did not substantially comply with section 123.93 because it did not make reference to "the place or circumstances under which plaintiff suffered his alleged injuries" or "express any intention by Arnold to bring a dramshop action against [the licensee]." *Id.* at 752. There, we held this information was essential in order for a notice to substantially comply with section 123.93. *Id.*

In contrast, the notice given by Hollingshead gave notice to the correct insurance carrier. The notice made reference to the place, time, and circumstances under which Hollingshead suffered his alleged injuries and expressed his intent to bring an action. Although it misnamed the owner of the bar, it did name the bar as Misfits.

Despite the notice misidentifying the liquor license holder, the notice gave Founders Insurance Company ample notification that the claim was against the bar known as Misfits, no matter who owned it. It also gave Founders Insurance Company notice of the time, place, and circumstances of the injury so that Founders could investigate the facts of the claim while the facts were still fresh.

Accordingly, we find Hollingshead's notice substantially complied with the requirements of section 123.93. For these reasons, we conclude the district court erred in granting DC Misfits' motion for summary judgment.

## IV. Disposition.

We vacate the decision of the court of appeals, reverse the judgment of the district court, and remand the case to the district court for further

proceedings because Hollingshead's notice substantially complied with the requirements of section 123.93.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**

All justices concur except McDonald, J., who dissents.

**McDONALD, Justice (dissenting).**

"Many states have passed legislation known as dramshop acts. These statutes are designed to give parties injured by an intoxicated person a right of action against the persons who sold and served the intoxicating liquors." *Grovijohn v. Virjon, Inc.*, 643 N.W.2d 200, 202 (Iowa 2002). "A distinguishing feature of the Iowa dram shop act is that it created liability where none existed at common law." *Id.* at 203. Because the cause of action is statutory, "the legislature may affix the conditions under which it is to be enforced." *Id.*

One of the statutory conditions prerequisite to pursuing such an action is for the injured party to provide notice of his or her intent to bring an action under the statute. *See* Iowa Code § 123.93 (2015); *Grovijohn*, 643 N.W.2d at 202. An injured party must, "[w]ithin six months of the occurrence of an injury, . . . give written notice to the licensee or permittee or such licensee's or permittee's insurance carrier of the person's intention to bring an action under this section." Iowa Code § 123.93. The notice must contain information "indicating the time, place and circumstances causing the injury." *Id.* In *Arnold v. Lang*, this court held the notice must also identify by name the licensee against whom the action would be brought. *See* 259 N.W.2d 749, 752 (Iowa 1977) ("Noticeably, this communication makes no reference to the place or circumstances under which plaintiff suffered his alleged injuries. Neither does it mention [the licensee's] name nor express any intention by Arnold to bring a dram shop action against [the licensee]. All such information was essential in order to qualify as a [section] 123.93 notice.").

Given *Arnold*'s holding that the name of the licensee must be included in the statutory notice, I conclude the district court did not err in

granting DC Misfits, LLC's motion for summary judgment. Hollingshead served notice on Founders Insurance Company for an insured named Leonard LLC. In response, Founders notified Hollingshead it had no coverage in force for Leonard LLC and invited Hollingshead to contact Founders for additional information. There is nothing in the record showing Hollingshead contacted Founders or otherwise served notice of his intent to sue DC Misfits, LLC. Under *Arnold*, the notice was legally deficient. Hollingshead's claim is thus barred, and the district court was correct in granting DC Misfits, LLC's motion for summary judgment. *See Grovijohn*, 643 N.W.2d at 204 ("When a statute supplies a specific notice requirement as a condition precedent to suit, any claims under that statute are barred when notice has not been timely given."); *Arnold*, 259 N.W.2d at 751–52 ("A lapse of a statutory period operates, therefore to extinguish the right altogether." (quoting *Boyle v. Burt*, 179 N.W.2d 513, 515 (Iowa 1970))).

The majority opinion's conclusion that Hollingshead substantially complied in this case because he provided notice that his "claim was against the bar known as Misfits" is not sound. This conclusion is unsound in two respects. First, it contradicts the law of business associations. A claim must be asserted against a legal person subject to suit. The "bar known as Misfits" is not a legal person subject to suit. In contrast, DC Misfits, LLC is a legal person subject to suit. *See* Iowa Code § 4.1(20) (" '[P]erson' means . . . limited liability company . . . or any other legal entity."); *id.* § 489.104(1) ("A limited liability company is an entity distinct from its members."); 5 Matthew G. Doré, *Iowa Practice Series:*™ *Business Organizations* § 13:5, at 321 (2018–2019 ed.) ("A limited liability company is thus a legal person that can own property and conduct business apart from its members."). Hollingshead's legal claim in this case

is against DC Misfits, LLC. Hollingshead never provided notice to DC Misfits, LLC. Instead, Hollingshead provided notice to Leonard LLC. Hollingshead never identified DC Misfits, LLC as the person he intended to sue. Instead, he identified Leonard LLC as the person he intended to sue. The majority's conclusion that Hollingshead's provision of notice to Party A of his intent to sue Party A is legally sufficient to provide Party B of his intent to sue Party B simply ignores that the entities are separate and distinct legal persons.

The majority opinion's conclusion also renders part of the dramshop statute superfluous. The Code allows for an injured party to pursue a cause of action against a "licensee or permittee." Iowa Code § 123.92(1)(*a*). To pursue such an action, the injured party must provide notice to the licensee or permittee or the licensee's or permittee's insurance carrier and specifically identify by name the licensee or permittee in the notice provided. *See id.* § 123.93; *Arnold*, 259 N.W.2d at 752. Because the identification of the correct legal entity and the provision of notice to the correct legal entity is prerequisite to suit, the dramshop statute provides an injured party an extension of the limitations period if the injured party is unable "to discover the name of the licensee, permittee, or person causing the injury or until such time as . . . such person has had a reasonable time to discover the name of the licensee [or] permittee." Iowa Code § 123.93. The statutory language providing for an extension of time for an injured party to determine the name of the licensee or permittee is rendered superfluous under the majority opinion because the injured party does not need to identify the licensee or permittee in any notice as a prerequisite to suit.

The majority opinion is also contrary to the most relevant persuasive authority. The Michigan Court of Appeals resolved the same issue in *Ray*

*v. Taft*, 336 N.W.2d 469 (Mich. Ct. App. 1983).  In that case, the plaintiff filed a dramshop action against Albert and Dennis Taft doing business as the Squire Pub.  *See id.* at 470.  The Tafts had acquired the liquor license for the Squire Pub after the accident giving rise to the suit.  *See id.* Subsequently, the plaintiff filed an amended complaint naming Harold Pukoff doing business as the Squire Pub as an additional defendant in the suit.  *See id.*  Pukoff successfully moved for judgment on the ground he was not served notice of the dramshop action within the statute of limitations.  *See id.* at 472.  The court of appeals affirmed the dismissal, rejecting the plaintiff's argument that notice of his suit against the Squire Pub was sufficient to provide notice to Pukoff:

> In the case at bar, plaintiff erroneously assumes that the true defendant was the Squire Pub and thus reasons that he served it in the wrong name, *i.e.*, defendants Taft instead of defendant Pukoff.  However, the *place* in which the liquor is sold, given or furnished is not the defendant.  Rather, M.C.L. § 436.22(5), M.S.A. § 18.993(5) provides that the *person* who sells, gives or furnishes the liquor is the true defendant in a dramshop action.  Because defendant Pukoff was the true defendant, the trial court did not encounter a misnomer situation.  Pukoff was not named as a defendant until after the expiration of the period of limitation, and he was not served in either his right name or a wrong name until after the expiration of the statutory period of limitation.

*Id.*  Similarly, our statute authorizes suit against a licensee or permittee provided the injured party provides timely notice to the licensee or permittee.  *See* Iowa Code §§ 123.92–.93.  As in *Ray*, the statute does not authorize suit against a place upon the provision of notice to the place. The majority opinion errs in concluding otherwise.

If this were a misnomer case in which the plaintiff provided notice to the right party but used the wrong legal name, then I would agree with the majority that the notice substantially complied with the statute.  *See,*

*e.g.*, *Gray v. Steele*, 264 N.W.2d 752, 752–53 (Iowa 1978) (holding notice was sufficient where the defendant was identified as "Lance Crammer" but his true name was "Lance Kramer"); *Martin v. Cent. Iowa Ry.*, 59 Iowa 411, 413, 13 N.W. 424, 424–25 (1882) ("Does the misnomer invalidate the notice?  We think not. . . .  It cannot be doubted that the name 'Iowa Central Railroad Company,' the name used in the notice, is synonymous with the true name of the corporation, viz., 'The Central Iowa Railway Company.' "); *Thomas v. Desney*, 57 Iowa 58, 60–62, 10 N.W. 315, 316–17 (1881) (discussing the misnomer rule with respect to notice).  But this is not a case of mistaken name.  Instead, this is a case of mistaken identity, where the plaintiff identified the wrong person and served notice on the wrong person.  Under the circumstances, the action is barred.  *See Smith v. Baule*, 260 N.W.2d 850, 854 (Iowa 1977) ("The record before us reveals plaintiffs simply made a mistake in identity of the railroad they intended to sue.  It was nonexistent and of course valid service could not be made on it. . . .  This is not a case of correction of a misnomer but rather the substitution of a new party after the statute of limitations had run."); *see also Hansberger v. Smith*, 142 A.3d 679, 692 (Md. Ct. Spec. App. 2016) ("Here, Hansberger was not correcting a misnomer of a defendant who already had notice of the suit.  Instead, he sought to add several new defendants—parties that, with due diligence, he could have included in his original complaint."); *Franklin v. Winn Dixie Raleigh, Inc.*, 450 S.E.2d 24, 28 (N.C. Ct. App. 1994) ("Rather, Winn Dixie Stores, Inc. was the correct name of the wrong corporate party defendant, a substantive mistake which is fatal to this action.  Quite simply, plaintiffs sued the wrong corporation.").

The majority opinion negates the requirement that an injured party name the licensee or permittee in any notice and effectively overrules

*Arnold.* While the majority may disagree with *Arnold*'s interpretation and construction of the dramshop statute, the case says what it says. It says the injured party's notice must include the name of the licensee or permittee as essential information. *See Arnold*, 259 N.W.2d at 752. *Arnold* has been controlling precedent for forty-three years. The legislature has acquiesced to the interpretation. *See Ackelson v. Manley Toy Direct*, LLC, 832 N.W.2d 678, 688 (Iowa 2013) ("When many years pass following such a case without a legislative response, we assume the legislature has acquiesced in our interpretation."). I see no compelling reason to change course now.

For these reasons, I respectfully dissent.