531 F.2d 983
 John ALBACH, as next friend and guardian of John R. Albach,
a minor, et al., Appellants,
v.
James ODLE, Individually and as Executive Secretary of the
New Mexico Activities Association, et al., Appellees.
 No. 75--1137.
 United States Court of Appeals,
Tenth Circuit.
 Argued and Submitted Nov. 11, 1975.
Decided March 25, 1976.
 
 John W. Boyd, Albuquerque, N.M. (David A. Freedman and Thomas Horn, Albuquerque, N.M., for American Civil Liberties Union with him on the brief), for appellants.
 Byron Caton, Caton & Hynes, Farmington, N.M., for appellees.
 Before SETH, HOLLOWAY and DOYLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal seeks to test the application of transfer rules adopted by the New Mexico Activities Association. The rules automatically bar from interscholastic high school athletic competition for one year any student who transfers from his home district to a boarding school or from a boarding school to his home district. Jurisdiction is premised on 28 U.S.C. § 1343 and 42 U.S.C. § 1983.
 
 
 2
 The trial court dismissed the complaint on various grounds, one of which was that it failed to raise a substantial federal question. We affirm.
 
 
 3
 Controlling precedent is found in Oklahoma High School Athletic Ass'n v. Bray, 321 F.2d 269 (10th Cir.), where this court stated:
 
 
 4
 '. . . In the case at bar, once the pleadings were pierced at pre-trial, it became apparent that Bray's grievance with the Athletic Association lay only with the application of its residence rule, the Board's refusal to grant an exception for hardship, and a general attack upon the amount of power delegated by the high schools to the Association. Such complaints are not within federal cognizance, . . ..'
 
 
 5
 The court held that if Bray had not voluntarily dismissed the action, the trial court would have been compelled to dismiss for lack of a substantial federal question. Appellant's allegations are virtually identical with those noted above.
 
 
 6
 Appellant cites numerous cases in support of the contention that high school athletic regulations must survive constitutional scrutiny. The cases are distinguished by the fact that, in the context of athletic regulations, clearly defined constitutional principles are at issue. See Brenden v. Independent School District 742, 477 F.2d 1292 (8th Cir.), Gilpin v. Kansas State High School Activities Ass'n, Inc., 377 F.Supp. 1233 (D.Kan.), and Reed v. Nebraska School Activities Ass'n, 341 F.Supp. 258 (D.Neb.)--sexual discrimination; Davis v. Meek, 344 F.Supp. 298 (N.D.Ohio)--invasion of marital privacy. See also Howard University v. National Collegiate Athletic Ass'n, 166 U.S.App.D.C. 260, 510 F.2d 213--alienage discrimination; Louisiana High School Athletic Ass'n v. St. Augustine High School, 396 F.2d 224 (5th Cir.)--racial discrimination. That is not the case here. Participation in interscholastic athletics is not a constitutionally protected civil right. Oklahoma High School Athletic Ass'n v. Bray, supra; Mitchell v. Louisiana High School Athletic Ass'n, 430 F.2d 1155 (5th Cir.). The supervision and regulation of high school athletic programs remain within the discretion of appropriate state boards, and are not within federal cognizance under 42 U.S.C. § 1983 unless the regulations deny an athlete a constitutionally protected right or classify him or her on a suspect basis.
 
 
 7
 Appellant also argues that Goss v. Lopez, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725, somehow negates our decision in Bray. We disagree. Goss recognizes a student's entitlement to a public education as a property interest which is constitutionally protected. A ten-day suspension from school without a hearing was found to violate a student's right to due process under the Fourteenth Amendment. But it is necessary to note that in framing the property interest the Court in Goss speaks in terms of the 'educational process.' 419 U.S. at 576, 95 S.Ct. at 737, 42 L.Ed.2d at 735. The educational process is a broad and comprehensive concept with a variable and indefinite meaning. It is not limited to classroom attendance but includes innumerable separate components, such as participation in athletic activity and membership in school clubs and social groups, which combine to provide an atmosphere of intellectual and moral advancement. We do not read Goss to establish a property interest subject to constitutional protection in each of these separate components.
 
 
 8
 AFFIRMED.