James **SPERFSLAGE**, Joanne Sperfslage, Lad Grove, and Patty Grove, Appellants,

v.

**AMES CITY BOARD OF REVIEW**, Appellee,

**G.D. Bair, Director of Iowa Department of Revenue and Finance, Intervenor–Appellee.**

No. 90–1259.

Supreme Court of Iowa.

Jan. 22, 1992.

Lad Grove, Ames, for appellants.

John Klaus, City Atty., Ames, for appellee.

Bonnie J. Campbell, Atty. Gen., Harry M. Griger, Sp. Asst. Atty. Gen., and James D. Miller, Asst. Atty. Gen., for intervenor-appellee G.D. Bair, Director of Revenue and Finance.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

HARRIS, Justice.

The trial court rejected plaintiff landowners' equal protection challenge to administrative rules. We think the challenge was correctly rejected and hence affirm.

I. The regulations challenged by the taxpayers are 701 Iowa Administrative Code sections 71.1(4) and 71.1(5), which define residential real estate and commercial real estate. These regulations implement provisions in Iowa Code section 441.21 (1989) (assessment and evaluation of property for taxation).

According to Iowa law, real property subject to taxation is placed into one of six categories: agricultural; residential; commercial; industrial; utilities; or railroad. *See* Iowa Code §§ 428.24, 434.15 (1989); 701 Iowa Admin.Code 71.3(3), 71.1(4), 71.-1(5), 71.1(6). The challenged rules require all buildings used as a commercial venture and also for human habitation to be classified as commercial property if they contain three or more separate living quarters. 701 Iowa Admin.Code 71.15(5). Dwelling property with one or two units, even when used as a commercial venture, is classified as residential property. 701 Iowa Admin.Code 71.1(4).

Plaintiffs (taxpayers) are owners of rental properties with three or more units which were therefore classified as commercial by defendant Ames city board of review. The effect of the classification was to deny the taxpayers a benefit which would have impacted favorably on their 1989 real estate taxes. The taxpayers' challenge centers upon legislation implementing what is called a "roll back." In an effort to combat inflation, the legislature has provided roll backs on the assessed value of properties. The department of revenue conducts studies for each of the classes of property in order to determine the market value increase for each of the six classes of property. For any increase of less than four percent no roll back is mandated.

In 1989 the department concluded that only residential property had an increased value of more than four percent. A "roll back" of residential property resulted in an assessment of 79.8471% of its actual value. The other classes of property were assessed at 100% of their value.

The taxpayers claim that the distinction between dwellings of one or two units and rental dwellings of three or more units violates the equal protection clause of the Iowa and United States Constitutions. They ask us to declare the regulations unconstitutional and to classify their properties residential.

The crux of the taxpayers' argument is that some one- and two-unit residential properties are used to generate income for their owners. The taxpayers argue there is no logical reason to distinguish these properties from the properties they own. In support of their argument the taxpayers point out that no additional municipal services or utilities are required for a three-unit or four-unit building than for a one-unit or two-unit building.

II. We recognize a presumption favoring the constitutionality of taxing statutes. *Hope Evangelical Lutheran Church v. Iowa Dep't of Revenue & Fin.*, 463 N.W.2d 76, 78 (Iowa 1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1585, 113 L.Ed.2d 649 (1991). The tax classifications challenged here do not adversely affect a fundamental interest and are not based on a suspect criterion. The statute will therefore be upheld under the rational basis standard if we find the legislature could reasonably conclude that the classification would promote a legitimate state interest. *Heritage Cablevision v. Marion County Bd. of Supervisors*, 436 N.W.2d 37, 38 (Iowa 1989) (quoting *Exxon Corp. v. Eggerton*, 462 U.S. 176, 196, 103 S.Ct. 2296, 2308, 76 L.Ed.2d 497, 513 (1983)). This standard is easily satisfied in challenges to tax statutes. *Heritage Cablevision*, 436 N.W.2d at 38. We do not declare a statute unconstitutional unless it clearly, palpably and without doubt infringes on the constitution. *Hope Evangelical Church*, 463 N.W.2d at 79. Every reasonable doubt is resolved in favor of the statute's constitutionality. *Id.*

III. In making the classifications, the department attempts to place similar properties in each of the groups. Even so the department has included income properties with two or fewer units in the residential property classification. For example a house leased by its owner to a tenant would be included within the residential classification. This strikes the taxpayers as a commercial use, and impossible to distinguish from their use of their own property.

In defending the regulation the department argues that the reason for the classification is that one-unit and two-unit rental properties fall into the same market as owner-occupied properties. The department offered evidence that this is true. The testimony indicated it was far more likely that an owner occupier would purchase one-unit or two-unit rental properties than three-unit property for use as a residence. The testimony indicated it was unlikely for rental property with three or more units to be sold except as income-generating property.

The taxpayers' complaint does not impugn the logic of the department's scheme for fixing the classifications. The challenge appears to concede the appropriateness of factoring market classifications into property valuations. The complaint addresses only what the taxpayers perceive as an unfair distinction between one-unit and two-unit income-generating properties and income-generating properties with more than two units. We however cannot say the department was unreasonable in its classification. Taxation is not an exact science. *City of Waterloo v. Selden*, 251 N.W.2d 506, 508–09 (Iowa 1979) (iron rule of the equal taxation neither attainable nor necessary).

The taxpayers have not met their burden of showing that the challenged classification of residential and commercial property creates arbitrary and invidious discrimination under the equal protection clause of either the United States or the Iowa Constitution. The trial court was correct in so holding.

AFFIRMED.