GLEN HAVEN HOMES, INC., Appellant,

v.

MILLS COUNTY BOARD OF
REVIEW, Appellee.

No. 92–666.

Supreme Court of Iowa.

Oct. 20, 1993.

James A. Campbell, Scott J. Rogers of The Peters Law Firm, Council Bluffs, and Eugene T. Hackler and Robert C. Londerholm, Sr. of Hackler, Londerholm, Hinkle, Corder, Martin & Hackler, Chartered, Olathe, KS, for appellant.

Frank W. Pechacek, Jr. and Suellen Overton of Smith, Peterson, Beckman & Willson, Council Bluffs, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

CARTER, Justice.

Appellant, Glen Haven Homes, Inc. (Glen Haven), is the plaintiff in an action contesting the determination of a claimed property tax exemption by the defendant-appellee, Mills County Board of Review (board of review). It challenges what it asserts to have been an erroneous decree. The action was heard in the district court as an "appeal in equity" sanctioned by Iowa Code section 441.39 (1991).[1]

The issues were resolved in the district court by a ruling on a motion for summary judgment. The court concluded that the undisputed facts were substantially the same as those before the court in an earlier appeal by Glen Haven challenging the denial of an unqualified exemption from taxation on the same property. Based on that premise, the court gave preclusive effect to the prior decree concerning Glen Haven's entitlement to an exemption for the tax years currently in dispute.

Glen Haven argues that it is axiomatic in the law of property tax assessments that each tax year stands on its own merits and determinations made in prior years do not carry over to subsequent years. It also contends that the board of review's motion for summary judgment was flawed because of a failure to comply with Iowa Rule of Civil Procedure 237(d). As a final matter, Glen Haven asserts that its treatment for tax exemption purposes is so inconsistent with that granted other nursing homes similarly situated throughout the state as to be a denial of equal protection of the law. We consider each of these contentions.

I. *Effect of Determination on Prior Assessment Appeal Under Section 441.39.*

Glen Haven is a nonprofit corporation organized in 1963. It is currently licensed as an intermediate care facility. Its primary objects and purposes are to:

(1) assist needy residents of Glen Haven Home in Glenwood, Iowa;

(2) receive gifts, devises, and donations for the objects of the corporation; and

(3) cooperate with a building corporation organized to erect the physical facility.

In 1979, the corporation was denied tax exempt status for its nursing care facility by the board of review and brought an appeal in equity challenging that decision. Following a trial before the court, it was found that approximately half of Glen Haven's patient charges were, at that time, paid through private sources, and the remainder were paid

---

1. That statute provides that in such matters the court "shall hear the appeal in equity and determine anew all questions arising before the board *which relate to the liability of the property to* *assessment or the amount thereof." Id.* (emphasis added). Our review is thus de novo. Iowa Code § 624.4 (1991).

by Title XIX funds at a less-than-cost reimbursement level. The court found that, although these combined sources of revenue caused the facility to operate at a loss, a portion of the facility was nevertheless not being operated as a charity.

In applying the findings that it made, the court, in a decree issued on February 9, 1981, established a "proportionate use" exemption declared to be as follows:

> The property tax exemption in this case is pro rated and shall in the future be pro rated according to the use of the property by declaring that portion of the value of the property exempt from taxation which bears the same relationship to the total value of the property as the percentage of occupants on Title XIX benefits bears to the total number of occupants each year. For years in the future this percentage shall be determined as of January 1 of each year.

In resolving Glen Haven's present appeals for the taxable year 1991 and another preceding year, the district court found that judicial admissions in a deposition of the corporation's managing agent conceded no change in material facts since the time of the February 9, 1981 decree establishing a "proportionate use" allocation of the exemption claim. As a result, the court reasoned that the same percentage of exemption fixed in 1981 should continue to prevail under the formula decree entered at that time.

■ If we were to consider Glen Haven's arguments on the basis of traditional issue preclusion law, as discussed in the court of appeals decision, its point might be well taken. The court of appeals did not find its arguments to be entirely wanting but believed, nevertheless, that the district court's use of issue preclusion was sustainable under certain language contained in Iowa Code section 427.1(23) (1991).[2] We conclude that this language is aimed at relieving the property owner from filing a new exemption claim for each new assessment year when an exemption has previously been allowed and the use

of the property has not changed. We agree with Glen Haven's assertion that this does not preclude a property owner from filing a new exemption claim for a new taxable year if the property owner is dissatisfied with the exemption previously allowed.

■ We also agree with Glen Haven's contention that, ordinarily, the statutory scheme in assessment matters allows the property owner to file a new claim for exemption to be considered by the board of review during its regular session in each regular assessment year. Iowa Code § 441.37(1)(c) (1991). The following statements of law from Restatement (Second) of Judgments support this conclusion:

> (3) An adjudicative determination of a claim by an administrative tribunal does not preclude relitigation in another tribunal of the same or a related claim based on the same transaction if the scheme of remedies permits assertion of the second claim notwithstanding the adjudication of the first claim.
>
> (4) An adjudicative determination of an issue by an administrative tribunal does not preclude relitigation of that issue in another tribunal if according preclusive effect to determination of the issue would be incompatible with a legislative policy that:
>
> (a) The determination of the tribunal adjudicating the issue is not to be accorded conclusive effect in subsequent proceedings; or
>
> (b) The tribunal in which the issue subsequently arises be free to make an independent determination of the issue in question.

Restatement (Second) of Judgments § 83(3), (4) (1982).

■ The present dispute concerning issue preclusion has arisen because the determination of exempt status by a court in a proceeding under section 441.39 is an independent judicial decision in a litigated proceeding rather than a mere review of administrative action. Notwithstanding this distinction,

---

**2.** The language in § 427.1(23) on which the court of appeals relied reads: "Upon the filing and allowance of the [exemption] claim, the claim shall be allowed on the property for successive years without further filing as long as the property is used for the purposes specified in the original claim for exemption."

however, we are not persuaded that the legislature intended to extend less freedom to redetermine exempt status in subsequent tax years when the issue has been resolved by a court under section 441.39 than when it has been resolved by the board of review in an administrative proceeding.

■ Although Glen Haven's general arguments on issue preclusion may not be faulted, there is a specific circumstance in this case that supports the challenged rulings of the district court and the court of appeals. The argument for giving preclusive effect to the 1981 decree goes beyond an assertion that a decree in that year should control on similar facts in subsequent years. Instead, the argument for preclusion involves giving effect to a formula clause in the 1981 decree that expressly adjudicated the basis under which exemption claims for subsequent years should be considered. The preclusive effect of that type of judgment is explained in another section of the Restatement:

A judgment concluding an action is not deprived of finality for purposes of res judicata by reason of the fact that it grants or denies continuing relief, that is, requires the defendant, or holds that the defendant may not be required, to perform acts over a period of time. Judgments of these types are rendered typically in actions for injunctions, specific performance, alimony, separate maintenance, and child support and custody.

The res judicata consequences of such judgments follow normal lines while circumstances remain constant, but those consequences may be affected when a material change of circumstances occurs after the judgment. . . . If the judgment was one granting continuing relief, and a change of circumstances makes the judgment too burdensome or otherwise inapposite as a regulation of ongoing conduct, it is ordinarily possible for the party concerned to apply to the rendering court for a modification of the terms of the judgment.

Restatement (Second) of Judgments § 13 cmt. c (1982). The principles giving rise to modification based on changed circumstances are discussed in Restatement (Second) of Judgments section 73 (1982).

■ Any basis for Glen Haven to claim a substantial change of circumstances so as to avoid the 1981 formula allocation of "proportionate use" was negated by the deposition testimony of its managing agent offered in support of the board of review's motion for summary judgment. This deposition testimony is a vicarious admission binding on Glen Haven unless altered or withdrawn. *See Landon v. Mapco, Inc.*, 405 N.W.2d 825, 829 (Iowa 1987) (applying Iowa Rule of Evidence 801(d)(2)(D)). Moreover, in sustaining the motion, the district court noted, without apparent contradiction, that the 1981 formula adjudication was entered pursuant to a stipulation of the parties. That circumstance renders the board of review's issue preclusion claim even stronger.[3] The decision of the district court and the court of appeals with respect to the summary judgment ruling was correct.

II. *Failure of Board of Review to Comply With Iowa Rule of Civil Procedure 237(h).*

■ We next consider Glen Haven's claim that the board of review's motion for summary judgment was flawed because it failed to set forth "a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried" as required by Iowa Rule of Civil Procedure 237(h). We

---

3. In giving continuing effect to the adjudicated formula for "proportionate use," we do not necessarily agree with either the substance of the formula or the use of such formulas as a general matter. With respect to the substance of the formula, it omits the statutory elements of "proportion of the value of the property used solely for the appropriate objects of the organization, to the entire value of the property." Those elements do not automatically inhere in an arbitrary ratio of Title XIX revenues to private patient revenues. However, in examining the deposition testimony of Glen Haven's managing agent in the present case, it suggests that the formula approach in determining the corporation's exemption may have resulted in Glen Haven receiving a higher percentage of exemption for the affected years than it was entitled to receive under the statutory criteria set forth in § 427.1(23).

conclude that this omission, although not condoned, in no way prejudiced Glen Haven.

Except as it may carry with it express stipulations concerning the anticipated summary judgment ruling, a statement under rule 237(h) does not constitute a part of the record from which genuine issues of material fact may be determined. The statement under rule 237(h) is intended to be a mere summary of claims that must rise or fall on the actual contents of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." Iowa R.Civ.P. 237(c).

In the present case, the basis for the board of review's motion for summary judgment was made abundantly clear by the assertions contained in the motion itself and the provisions of the 1981 decree incorporated therein. Glen Haven was not misled by the absence of a separate statement under rule 237(h) and may not make that omission a basis for reversal.

III. *Asserted Denial of Equal Protection of the Law.*

■ As a final matter, we consider and reject Glen Haven's claim that its treatment for tax exemption purposes is so inconsistent with that granted other nursing homes similarly situated throughout the state as to be a denial of equal protection of the law. The factual basis for this claim is lacking. Nursing homes operating in this state under similar circumstances are not being routinely granted absolute exemptions from property tax liability. *See, e.g., Care Initiatives v. Board of Review,* 500 N.W.2d 14 (Iowa 1993).

■ Under the statutory scheme, the entitlement of any care facility to an exemption from the property tax is determined individually by applying the law as fixed by the legislature to the nature of that particular operation. This collection of ad hoc adjudications in separate cases is specifically designed to produce dissimilarity in result based on dissimilarity in the situation of the various taxpayers. "Equal protection assurances do not require dissimilar situations to be treated similarly." *State ex rel. Hamilton v. Snodgrass,* 325 N.W.2d 740, 744 (Iowa 1982); *City of Waterloo v. Selden,* 251 N.W.2d 506, 509 (Iowa 1977). There is no merit in Glen Haven's claimed denial of equal protection.

We have considered all issues presented and conclude that the decision of the court of appeals and the district court judgment were correct. Those judgments are affirmed.

**DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**