**IN THE SUPREME COURT OF IOWA**

No. 115 / 06–1354

Filed October 24, 2008

**TIMBERLAND PARTNERS XXI, LLP,
EDWARD L. HENDRICKSON, and
JAMES C. CONLIN,**

Appellants,

vs.

**IOWA DEPARTMENT OF REVENUE,**

Appellee.

Appeal from the Iowa District Court for Polk County, Don C. Nickerson, Judge.

Apartment building owners challenge the constitutionality of the different tax treatment given apartments and condominiums under Iowa Administrative Code rule 701—71.1(4), (5). **AFFIRMED.**

Michael A. Dee and Rebecca A. Brommel of Brown, Winick, Graves, Gross, Baskerville and Schoenebaum, P.L.C., Des Moines, for appellants.

Thomas J. Miller, Attorney General, and Donald D. Stanley, Jr., Assistant Attorney General, for appellee.

**BAKER, Justice.**

Apartment building owners appeal the district court's ruling that Iowa Administrative Code rule 701—71.1(4), (5) (2005), under which apartment buildings are designated as commercial regardless of their use and are therefore subject to higher property taxes than non-commercial condominiums, does not violate the equal protection clauses of the United States and Iowa Constitutions. Because apartments and condominiums are not "similarly situated," we find their dissimilar treatment does not violate equal protection.

### I. Background Facts and Proceedings.

Appellants Timberland Partners XXI, L.L.P., Edward L. Hendrickson, and James C. Conlin own numerous multi-unit residential apartment buildings in Iowa. Timberland filed a petition for declaratory order with the Iowa Department of Revenue requesting that Iowa Administrative Code rule 701—71.1(4), (5) be declared unconstitutional as violative of the equal protection clauses of the United States and Iowa Constitutions. This rule classifies apartment buildings as commercial property, regardless of their use, but classifies condominiums as commercial if used for a commercial venture and residential if used for human habitation. Timberland seeks to have its apartment buildings taxed as residential because residential properties are taxed at a much lower percentage of their assessed value than commercial properties. The department issued a declaratory order finding the rule did not violate equal protection. Timberland filed a petition for judicial review. The district court concluded that rule 701—71.1(4), (5) does not violate equal protection.

## II. Scope of Review.

> We typically review a district court's decision on a petition for judicial review of agency action for correction of errors at law. . . . The provisions of the Iowa Administrative Procedure Act, particularly the judicial review provisions of section 17A.19(8), govern this review. However, in cases such as this one, where "constitutional issues are raised, . . . we must make an independent evaluation of the totality of the evidence and our review . . . is de novo."

*Brummer v. Iowa Dep't of Corr.*, 661 N.W.2d 167, 171 (Iowa 2003) (quoting *Simonson v. Iowa State Univ.*, 603 N.W.2d 557, 561 (Iowa 1999)).

## III. Discussion and Analysis.

Timberland contends the disparate treatment afforded apartments and condominiums under rule 701—71.1(4), (5) is unconstitutional and a violation of the equal protection clauses of the United States and Iowa Constitutions.

**A. The Rule.** "By statute and administrative regulation, taxable real property in Iowa must be assessed within one of six categories: agricultural, residential, commercial, industrial, utilities, or railroads." *City of Newton v. Bd. of Review*, 532 N.W.2d 771, 773 (Iowa 1995) (citing *Sperfslage v. Ames City Bd. of Review*, 480 N.W.2d 47, 48 (Iowa 1992)). Property is to be classified and valued "according to its present use and not according to its highest or best use." Iowa Admin. Code r. 701—71.1(1).

> Rule 701—71.1 provides in relevant part:
>
> 71.1(4) *Residential real estate.* Residential real estate shall include all lands and buildings which are primarily used or intended for human habitation . . . .
>
> An apartment in a horizontal property regime (condominium) . . . which is used or intended for use for human habitation shall be classified as residential real estate regardless of who occupies the apartment. . . .
>
> 71.1(5) *Commercial real estate.* Commercial real estate shall include all lands and improvements and structures located thereon which are primarily used or intended as a place of business . . . . Commercial realty shall also include hotels,

motels, rest homes, *structures consisting of three or more separate living quarters and any other buildings for human habitation that are used as a commercial venture. . . .* However, regardless of the number of separate living quarters or any commercial use of the property, single- and two-family dwellings, multiple housing cooperatives organized under Iowa Code chapter 499A . . . shall be classified as residential real estate.

An apartment in a horizontal property regime (condominium) referred to in Iowa Code chapter 499B which is used or intended for use as a commercial venture, other than leased for human habitation, shall be classified as commercial real estate.

(Emphasis added.)

In short, under the Iowa Administrative Code, apartment buildings are classified as commercial, regardless of their use, and condominiums are classified as commercial if used for a commercial venture and as residential if used for human habitation. This court has "recognized the commercial nature of apartment complexes and their resulting commercial classification for tax purposes." *Newton*, 532 N.W.2d at 773 (citing *Sperfslage*, 480 N.W.2d at 49).

Timberland contends the disparate treatment between apartments and condominiums is a violation of equal protection because condominiums leased for human habitation are classified as residential, while apartments leased for human habitation are classified as commercial.

**B.    Equal Protection.**    "[T]he Equal Protection Clause 'is essentially a direction that all persons similarly situated should be treated alike.'" *Racing Ass'n of Cent. Iowa v. Fitzgerald*, 675 N.W.2d 1, 7 (Iowa 2004) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313, 320 (1985)).

"The first step of an equal protection [analysis] is to identify the classes of similarly situated persons singled out for differential treatment." *Ames Rental Prop. Ass'n v. City of Ames*, 736 N.W.2d 255,

259 (Iowa 2007) (citing *Grovijohn v. Virjon, Inc.*, 643 N.W.2d 200, 204 (Iowa 2002)). " 'If people are not similarly situated, their dissimilar treatment does not violate equal protection.' " *Bowers v. Polk County Bd. of Supervisors*, 638 N.W.2d 682, 689 (Iowa 2002) (quoting *In re Morrow*, 616 N.W.2d 544, 548 (Iowa 2000)). If a plaintiff fails to articulate, and the court is unable to identify, a class of similarly situated individuals who are allegedly treated differently under the challenged statute, the plaintiff "has not satisfied the first step of an equal protection analysis," and the court need not address whether the "statute has a rational relationship to a legitimate government interest." *Grovijohn*, 643 N.W.2d at 204; *see also Glen Haven Homes, Inc. v. Mills County Bd. of Review*, 507 N.W.2d 179, 183 (Iowa 1993) (noting equal protection does not require dissimilar entities be treated similarly).

Timberland contends that "[a]partments and condominiums are similarly situated in their use, market characteristics, and structure." According to the district court, "[t]he similarities of condominiums and apartments . . . are not as pronounced as they are alleged to be." The court concluded that "[c]ondominiums' characteristics as separate and identifiable parcels of real property make them rationally more akin to single family residences than apartments for classification purposes," and that "[b]ased on this factor alone, the court believes the agency clearly has a rational basis for making the distinction . . . ." The trial court went on to identify other factors that differentiate condominiums from apartments, including market characteristics, structural differences, and the "bundle of rights" associated with condominium ownership. The trial court concluded that "what truly makes the

difference in this case is that the two types of property are simply not similarly situated."[1]

Timberland contends the district court erred in focusing on the ownership of condominiums rather than focusing on the similar uses of condominiums and apartments. It argues the market characteristics of the two "are so similar as to be virtually identical," because both compete for the same occupants, i.e., "many condominium units are marketed as leaseholds, just like apartments," and they are similar in structural design and in the rules applied to residents. The State counters that the "record is totally void of any evidence to support [appellants'] claim that condominiums are routinely marketed and leased throughout the state in the same manner as multi-unit apartment complexes."

We determine that any similarities between apartments and condominiums are insufficient to consider them "similarly situated" for equal protection analysis. Although condominiums may be marketed and leased like apartments and are similar in structural design and in the rules applied to residents, unlike apartments, each condominium unit is treated as a separate real estate parcel and could be marketed as a single-family unit. *See* Iowa Code § 499B.10 (Supp. 2008) (declaring that in a horizontal property regime, "each individual apartment . . . shall constitute . . . a separate parcel of real property and shall be . . . completely and freely alienable . . . ."). In this respect, for classification purposes, condominiums are more like single-family residences than apartments. *See Sperfslage*, 480 N.W.2d at 49 (recognizing "the

---

[1]Although the district court determined that apartments and condominiums are not similarly situated, it then engaged in a rational basis analysis to determine "a rational basis exists for the classification of apartment complexes . . . as commercial property and condominiums . . . as residential property."

appropriateness of factoring market classifications into property valuations").

In addition to the individual ownership rights of condominium owners, under chapter 499B an owner of a condominium, unlike an apartment tenant, has certain rights, including the right to participate in the management and operation of the unit or complex. *See* Iowa Code § 449B.15 (providing the minimum requirements to be contained in the bylaws for the governance of the condominium). Condominium owners also bear increased stewardship expectations. Iowa Code section 499B.20 outlines the requirements for apartment-to-condominium conversions. It states:

> [A]n existing structure shall not be converted to a horizontal property regime unless the converted structure meets local city or county, as applicable, building code requirements in effect on the date of conversion or the state building code requirements, as adopted pursuant to section 103A.7, if the local city or county does not have a building code.

*Id.* § 499B.20. This statute provides a minimum standard that property owners must meet when attempting to convert apartment buildings into condominiums and outlines the State's heightened stewardship requirements for owner-occupied property.

Under the statute, the ultimate question for classification is the use of the property. A condominium is typically occupied by the owner whereas an apartment is always a commercial enterprise. *City of Newton*, 532 N.W.2d at 773 ("We, like other jurisdictions, have recognized the commercial nature of apartment complexes and their resulting commercial classification for tax purposes."). The primary use of each is dissimilar. One is typically residential whereas the other is exclusively commercial. As a result, apartments are not similarly situated to condominiums. Because we, like the district court, cannot

find a class of similarly situated individuals who are allegedly treated differently under the challenged statute, Timberland has not satisfied the first step of the equal protection analysis. Therefore, we need not address whether the classification meets "the rational basis prong of the equal protection analysis." *Bowers*, 638 N.W.2d at 690.

## IV. Disposition.

We affirm the district court judgment in favor of the Iowa Department of Revenue.

**AFFIRMED.**

All justices concur except Appel, J., who takes no part.