# IN THE COURT OF APPEALS OF IOWA

No. 16-0309
Filed June 7, 2017

**KALEY WHITE-CILUFFO,**
        Petitioner-Appellant,

**vs.**

**IOWA DEPARTMENT OF EDUCATION,**
        Respondent-Appellee.

and

**IOWA GIRLS' HIGH SCHOOL ATHLETIC UNION,**
        Intervenor-Appellee.

_____

        Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


        Kaley White-Ciluffo appeals from the district court's ruling denying and dismissing her petition for judicial review of a decision by the Iowa Department of Education.  **AFFIRMED.**

        Howard L. Jacobs of Law Office of Howard L. Jacobs, Westlake, California, and Alan O. Olson of Olson Law Office P.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Meghan L. Gavin (until withdrawal) and Renner K. Walker, Assistant Attorneys General, for appellee.

        Spencer S. Cady, Ryan G. Koopmans (until withdrawal), and Brad C. Epperly of Nyemaster Goode, P.C., Des Moines, for intervenor-appellee.

Patrick B. White of White Law Office, P.C., West Des Moines, and Steven J. Thompson, Brittany A. Bogaerts, and David M. Pattee of Nixon Peabody L.L.P., Chicago, Illinois, for amicus curiae.

Heard by Vaitheswaran, P.J., and Tabor and Mulllins, JJ.

**MULLINS, Judge.**

Kaley White-Ciluffo appeals from the district court's ruling denying and dismissing her petition for judicial review of a decision by the Iowa Department of Education. She argues the district court erred in (1) determining her constitutional rights to substantive due process and equal protection were not violated by Iowa Administrative Code rule 281-36.15(2)(h) (the Collegiate Rule) and (2) finding new evidence presented by White-Ciluffo was immaterial to her claim. Upon our review, we affirm.

## I. Background Facts and Proceedings

White-Ciluffo competed in the track and field program as a student-athlete for Pleasant Valley High School in Bettendorf. In 2014, when White-Ciluffo was a junior in high school, she competed in the state track meet as a member of the Pleasant Valley girls' track team. She broke the state record for the 800-meter event and placed second in the 1500-meter race. She also helped her distance medley relay team place first. Due in large part to White-Ciluffo's performance at the meet, the Pleasant Valley girls' team won the 4A championship title. White-Ciluffo graduated from Pleasant Valley in 2015.

Prior to the 2014 interscholastic track and field season beginning, White-Ciluffo competed against collegiate-sponsored athletes in the one-mile event at an indoor meet held at Illinois Wesleyan University on February 8, 2014.

A few weeks later, the Pleasant Valley Associate Principal for Student Activities, D'Anne Kroemer, met with White-Ciluffo, White-Ciluffo's mother Michelle White, and one of the team coaches. At the meeting, the coach discussed the expectations for all students participating in the school's track and

field program. Kroemer discussed the Collegiate Rule and its implications and provided copies of the rule to White-Ciluffo and her mother. Kroemer made clear that in order for White-Ciluffo to maintain eligibility to participate in high school athletics, she could not compete against collegiate athletes who were representing their institutions. White-Ciluffo and her mother indicated they understood the expectations and the rule. Neither White-Ciluffo nor her mother informed Kroemer or the coach that White-Ciluffo had participated in the event held at Illinois Wesleyan University earlier that month. The following day, Kroemer followed up with White-Ciluffo and her mother by sending an e-mail summary of the meeting to White-Ciluffo, White, and track and field coaches Jane Wheeler and Kenny Wheeler. Kroemer asked White-Ciluffo and White to provide her with the details of any events in which White-Ciluffo wished to participate, and Kroemer and a coach would then sign a non-school participation contract prior to the event. Several days later, White-Ciluffo's mother responded to the e-mail thanking Kroemer for the meeting and for providing the necessary forms and important information.

White-Ciluffo then competed against college athletes representing their respective schools twice more. On April 5, White-Ciluffo competed in the 800-meter race at a meet held at Princeton University. On June 7, White-Ciluffo competed in the 800-meter event at a meet held at a high school in New Jersey.

On June 23, Coach Kenny Wheeler learned of White-Ciluffo's participation in these events and contacted Kroemer. Kroemer reported the possible violations to Mike Dick, the Executive Director of the Iowa Girls' High School

Athletic Union (IGHSAU) immediately and informed White-Ciluffo of the potential consequences. Kroemer also informed school administrators of the situation.

Upon investigation, the IGHSAU officially declared White-Ciluffo ineligible to participate in the 2014 and 2015 interscholastic track and field seasons,[1] effectively stripping White-Ciluffo of her 2014 state record and results and requiring Pleasant Valley to return the state championship trophy. The school contested the decision, accepting White-Ciluffo's eligibility determination but seeking leniency for the school and the other athletes on the girls' track team. The five-member Board of Directors of the IGHSAU unanimously upheld the Director's decision.[2] Pleasant Valley did not appeal the Board's decision.

White-Ciluffo appealed the IGHSAU's ineligibility decision to the Iowa Department of Education. Thereafter, an administrative law judge in the Iowa Department of Inspections and Appeals Division of Administrative Hearings held a contested hearing, presiding on behalf of the Director of the Iowa Department of Education. The Department of Education affirmed the decision of the IGHSAU Board of Directors, finding White-Ciluffo had violated the Collegiate Rule by competing in track meets against athletes sponsored by their respective colleges or universities and determining she was ineligible to compete in high school track and field events for the 2014 and 2015 seasons. The ruling preserved White-Ciluffo's constitutional arguments for appellate review. *See Chauffeurs,*

---

[1] Due to her participation in these events, Pleasant Valley made White-Ciluffo "ineligible for all sanctioned sports [for] the remainder of her high school career."

[2] The Board of Directors modified the date White-Ciluffo's ineligibility began to February 8, 2014, after finding White-Ciluffo did not compete in a December 2013 collegiate-sponsored meet for which she had registered.

*Teamsters & Helpers Local No. 238 v. Iowa Civil Rights Comm'n*, 394 N.W.2d 375, 384 (Iowa 1986).

White-Ciluffo then filed a petition for judicial review challenging the Iowa Department of Education's decision. White-Ciluffo filed a motion for judicial notice, requesting that the court take judicial notice of various facts, including an online article discussing the state of Washington's Interscholastic Activities Association's decision to amend its rules governing high school athletics to allow high school athletes participating in specific sports (including track and field) to compete against professional and collegiate athletes; evidence showing student-athletes from Decorah High School's cross-country team had competed in events held in Minnesota in both 2012 and 2013; and evidence showing a student-athlete from Linn-Mar High School had competed in races in Kansas, Oregon, and Missouri against other high school athletes and competed in one road race in Des Moines against professional athletes. The Department of Education and Intervenor IGHSAU both resisted White-Ciluffo's motion.

The district court entered a ruling denying and dismissing White-Ciluffo's petition for judicial review of the agency action. With regard to White-Ciluffo's motion for judicial notice, the court concluded the additional facts constituted new evidence. The court found the evidence relating to Washington state's rule change and Decorah's cross-country team participating in meets in Minnesota in 2012 and 2013 could not be considered by the court because White-Ciluffo had failed to present the evidence in support of her claim before the agency even though the evidence was available at the time she appealed the IGHSAU Board of Director's decision. Further, the court found the evidence relating to the Linn-

Mar student-athlete's participation in races in Kansas, Oregon, Missouri, and Des Moines was not admissible because it was not material. The court noted the three out-of-state races appeared to have included only high school athletes, while the Des Moines race did not appear to include any collegiate-sponsored athletes. Thus, the Linn-Mar student-athlete's participation in these events complied with rule 281-36.15(2)(h).

As to White-Ciluffo's claim the Collegiate Rule violated her right to substantive due process, the district court concluded White-Ciluffo did not have a constitutional right to participate in high school athletics, and therefore, her claim failed. Further, the court found that, even if White-Ciluffo was legitimately entitled to participate in interscholastic sports, it was undisputed White-Ciluffo had violated the Collegiate Rule and her punishment was in accordance with the rules. Additionally, the court determined the Collegiate Rule is rationally related to a legitimate governmental purpose.

Regarding White-Ciluffo's equal protection claim, the district court held White-Ciluffo "ha[d] failed to present sufficient evidence showing that the Collegiate Rule treated one class of individuals differently than another." The court found, without a showing of disparate treatment of similarly situated individuals, White-Ciluffo's claim the rule violated her right to equal protection necessarily failed. Further, the court again found that, even if White-Ciluffo had shown she had been treated differently than similarly situated individuals, the rule is rationally related to a legitimate governmental interest.

White-Ciluffo appeals.

**II. Analysis**

*A. Additional Evidence*

White-Ciluffo argues the district court erred in finding the additional evidence she submitted relating to a student-athlete from Linn-Mar high school participating in competitive races in Kansas, Oregon, Missouri, and Des Moines was not sufficiently material to her claims. She contends this evidence is important to show the arbitrariness of the Collegiate Rule.

"In judicial review of a contested case proceeding the district court is limited to the record made before the agency." *Mary v. Iowa Dep't of Transp.*, 382 N.W.2d 128, 131 (Iowa 1986); *see also* Iowa Code § 17A.19(7) (2015) ("In proceedings for judicial review of agency action in a contested case, . . . a court shall not itself hear any further evidence with respect to those issues of fact whose determination was entrusted by Constitution or statute to the agency in that contested case proceeding."). The court may, however, order that "additional evidence be taken before the agency" when the court is satisfied "the additional evidence is material and that there were good reasons for failure to present it in the contested case proceeding before the agency." Iowa Code § 17A.19(7). "Evidence is 'material' if it is 'reasonably capable of influencing an agency's decision.'" *Humboldt Cmty. Sch. v. Fleming*, 603 N.W.2d 759, 765 (Iowa 1999) (quoting *Interstate Power Co. v. Iowa State Commerce Comm'n*, 463 N.W.2d 699, 702 (Iowa 1990)).

We review the district court's decision not to remand for presentation of additional evidence before the agency for an abuse of discretion. *See Interstate Power Co.*, 463 N.W.2d at 702; *see also Zenor v. Iowa Dep't of Transp.*, 558

N.W.2d 427, 431 (Iowa Ct. App. 1996). An abuse of discretion occurs when "the court exercise[s] its discretion 'on grounds or for reasons clearly untenable or to an extent clearly unreasonable.'" *Zenor*, 558 N.W.2d at 431 (citation omitted).

The district court found that, although White-Ciluffo had "provided good reason for failing to present [the evidence at issue] to the agency on account of it arising after the final decision had been made," the evidence was not "sufficiently material" to justify a remand to the agency. The court noted the evidence showed that all of the relevant out-of-state races the Linn-Mar student-athlete had competed in involved only high school athletes, while the Des Moines race included professional athletes—not collegiate athletes competing for their respective schools—thus, the Linn-Mar student-athlete, as compared to White-Ciluffo, likely did not violate the Collegiate Rule by competing in these events. The court found, "[a]nother student-athlete's compliance with an administrative rule has no bearing on the application of the rule to a student athlete in violation of it" or "whether the Collegiate Rule, as applied to [White-Ciluffo], is unconstitutional."

Upon our review, we cannot say the district court abused its discretion in determining the relevant additional evidence was immaterial. *See Interstate Power Co.*, 463 N.W.2d at 702. Accordingly, we affirm the district court's ruling as to this issue.

*B. Constitutional Claims*

On appeal, White-Ciluffo does not dispute she violated the Collegiate Rule when she competed against collegiate athletes representing their respective schools in track meets on February 8, April 5, and June 7, 2014. Instead, she

complains the rule violates her constitutional rights to substantive due process and equal protection because it is arbitrary and capricious and not rationally related to furthering a legitimate governmental interest.[3]

The Collegiate Rule provides:

> A student is not eligible to participate in an interscholastic sport if the student has, in that same sport, participated in a contest with or against, or trained with, a National Collegiate Athletic Association (NCAA), National Junior College Athletic Association (NJCAA), National Association of Intercollegiate Athletics (NAIA), or other collegiate governing organization's sanctioned team. A student may not participate with or against high school graduates if the graduates represent a collegiate institution or if the event is sanctioned or sponsored by a collegiate institution. Nothing in this subrule shall preclude a student from participating in a one-time tryout with or against members of a college team with permission from the member school's administration and the respective collegiate institution's athletic administration.

Iowa Admin. Code r. 281-36.15(2)(h).

Iowa Code chapter 17A governs judicial review of agency decision-making. *See Neal v. Annett Holdings, Inc.*, 814 N.W.2d 512, 518 (Iowa 2012). When the district court exercises its judicial review power, it acts in an appellate capacity. *Mycogen Seeds v. Sands*, 686 N.W.2d 457, 463 (Iowa 2004). "On

---

[3] White-Ciluffo has not specified whether her claims are based on the U.S. Constitution or the Iowa Constitution.

> Our supreme court has said:
> When there are parallel constitutional provisions in the federal and state constitutions and a party does not indicate the specific constitutional basis, we regard both federal and state constitutional claims as preserved, but consider the substantive standards under the Iowa Constitution to be the same as those developed by the United States Supreme Court under the Federal Constitution. Even in these cases in which no substantive distinction had been made between state and federal constitutional provisions, we reserve the right to apply the principles differently under the state constitution compared to its federal counterpart.

*King v. State*, 797 N.W.2d 565, 571 (Iowa 2011) (citation omitted).

appeal, we apply the standards of chapter 17A to determine whether we reach the same conclusions as the district court. If we reach the same conclusions, we affirm; otherwise we may reverse." *Watson v. Iowa Dep't of Transp. Motor Vehicle Div.*, 829 N.W.2d 566, 568 (Iowa 2013) (citation omitted).

We review constitutional claims in an appeal of an agency action de novo. *See Insituform Techs., Inc. v. Emp't Appeal Bd.*, 728 N.W.2d 781, 788 (Iowa 2007). We need not give deference to the agency's determination of whether an administrative rule is constitutional, "because it is exclusively up to the judiciary to determine the constitutionality of legislation and rules enacted by other branches of the government." *ABC Disposal Sys., Inc. v. Dep't of Nat. Res.*, 681 N.W.2d 596, 605 (Iowa 2004). The party attacking the constitutionality of an administrative rule must overcome a presumption of constitutionality by negating every reasonable basis upon which the rule can be maintained. *See Eaves v. Bd. of Med. Exam'rs*, 467 N.W.2d 234, 236 (Iowa 1991); *see also Millsap v. Cedar Rapids Civil Serv. Comm'n*, 249 N.W.2d 679, 684 (Iowa 1977).

1. Due Process Claim

Both the federal and the state constitutions provide the government shall not deprive a person "of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1 ("[N]or shall any State deprive any person of life, liberty, or property, without due process of law."); Iowa Const. art I, § 9 ("[N]o person shall be deprived of life, liberty, or property, without due process of law."). Substantive due process "prevents government from 'interfer[ing] with rights "implicit in the concept of ordered liberty."'" *City of Sioux City v. Jacobsma*, 862 N.W.2d 335, 339 (Iowa 2015) (alteration in original) (quoting *United States v.*

*Salerno*, 481 U.S. 739, 746 (1987)); *see also McQuistion v. City of Clinton*, 872 N.W.2d 817, 832 (Iowa 2015) ("[T]he due process clause of our constitution exists to prevent unwarranted governmental interferences with personal decisions in life."); *Santi v. Santi*, 633 N.W.2d 312, 317 (Iowa 2001) (noting due process "include[s] a substantive component, which forbids the government to infringe certain 'fundamental' liberty interests *at all*, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest" (quoting *Reno v. Flores*, 507 U.S. 292, 301–02 (1993))).

"We have adopted a two-step analysis when presented with a substantive due process claim." *McQuistion*, 872 N.W.2d at 832. First, we must "identify the nature of the individual interest involved." *Jacobsma*, 862 N.W.2d at 340. Next, we determine "the appropriate level of scrutiny." *McQuistion*, 872 N.W.2d at 832. "[I]f the interest is not fundamental, the government action is subject to a rational basis test." *Jacobsma*, 862 N.W.2d at 340. "Under the rational basis test, the government must have a legitimate interest in the [rule] and there must be a reasonable fit between the government interest and the means utilized to advance that interest." *Id.*

Numerous courts have held high school student-athletes do not have a constitutionally protected right to participate in interscholastic sports. *See, e.g.*, *In re U.S. ex rel. Mo. State High Sch. Activities Ass'n*, 682 F.2d 147, 153 n.8 (8th Cir. 1982) ("A student's interest in participating in a single year of interscholastic athletics amounts to a mere expectation rather than a constitutionally protected claim of entitlement." (quoting *Walsh v. La. High Sch. Athletic Ass'n*, 616 F.2d 152, 159–60 (5th Cir. 1980), *cert. denied*, 449 U.S. 1124 (1981))); *Albach v.*

*Odle*, 531 F.2d 983, 984–85 (10th Cir. 1976) ("Participation in interscholastic athletics is not a constitutionally protected civil right."); *Mancuso v. Mass. Interscholastic Athletic Ass'n*, 900 N.E.2d 518, 527 (Mass. 2009) ("[T]he right to a public education, even one with a mandatory physical education component, is not synonymous with the right to participate in extracurricular activities, such as interscholastic athletics. . . . [W]e do not expand the contours of a student's property interest in public education to include within it every extracurricular activity that might enrich the educational experience, however meaningful those activities might be to individual students."); *Ryan v. Cal. Interscholastic Fed'n— San Diego Section*, 114 Cal. Rptr. 2d 798, 808 (Cal. Ct. App. 2001) ("Neither the California Constitution nor California statutory law contains any provision that entitles students to an absolute right to participate in extracurricular activities and, precisely, interscholastic athletics. Absent such support, the opportunity to participate in interscholastic athletic activities is a privilege, not a right or an entitlement of such dignity to warrant due process protection. Our conclusion is consistent with the overwhelming majority of other states whose appellate courts have held that students do not possess a constitutionally protected interest in their participation in extracurricular activities and, specifically, interscholastic sports.").

Our constitutions and case law unambiguously require a plaintiff to first demonstrate a due process right is at stake before we will examine whether a governmental action has infringed upon that right. *See Jacobsma*, 862 N.W.2d at 340. White-Ciluffo concedes she does not have a life, liberty, or property

interest in competing in high school sports.[4]  Therefore, we hold that because White-Ciluffo does not have a right to participate in interscholastic athletics sufficient to invoke the due process clauses of either the U.S. or Iowa constitutions, she cannot have had such a right violated by the Collegiate Rule. Accordingly, White-Ciluffo's substantive due process claim fails.

2.  Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment provides no state shall "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1; *see also* Iowa Const. art. I, § 6 ("[T]he general assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms shall not equally belong to all citizens.").

---

[4] White-Ciluffo claims she can prove her substantive due process rights were violated by showing the Board's decision to invoke the Collegiate Rule and disqualify her from eligibility was arbitrary or capricious. *See Brands v. Sheldon Cmty. Sch.*, 671 F. Supp. 627, 633 (N.D. Iowa 1987) ("The plaintiff can show that his right to substantive due process was denied if the Board's decision was arbitrary or capricious, *Littlefield v. City of Afton*, 785 F.2d 596, 607 (8th Cir. 1986); or if it violated one of the substantive due process rights such as the right to privacy, which cannot be deprived no matter how much procedural protection is used."); *see also Davelaar v. Rock Valley Cmty. Sch.*, No. C98-4003-DEO, 1998 WL 34114577, at *10 (N.D. Iowa Jan. 21, 1998) ("[P]unishment does not implicate substantive due process concerns unless the action is arbitrary, capricious, or wholly unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning." (alteration in original) (citation omitted)).  Alternatively, she claims the Iowa Department of Education and the IGHSAU created a property right by establishing administrative rules regarding eligibility to participate in interscholastic athletics, giving her more than a mere expectation of participation in these activities that cannot be taken away by a state actor without substantive due process of law.  *See Brands*, 671 F. Supp. at 631 ("When a government must follow mandatory laws or regulations which limit its discretion to make a decision in any way or for any reason, those laws or regulations can create a property right which is deprived if those regulations are not followed.").  The conclusion and analysis of the *Brands* decision does not support the claims raised in this case.  *See id.* at 631 (assuming without deciding that, if there were a protected interest in participating in interscholastic athletics, the plaintiff's due process right had not been violated); *id.* at 633 (holding that to "evaluate the Board's [decision] . . . would require the Court to substitute its judgment . . . for that of the [Board]" and recognizing "the 'arbitrary or capricious' standard of review is too narrow to authorize this kind of analysis" (citation omitted)).

Essentially, "both constitutions establish the general rule that similarly situated citizens should be treated alike." *LSCP, LLLP v. Kay-Decker*, 861 N.W.2d 846, 856 (Iowa 2015). "The first step of [analyzing] an equal protection claim is to identify the classes of similarly situated persons singled out for differential treatment." *Id.* at 859 (alteration in original) (quoting *Grovijohn v. Virjon, Inc.*, 643 N.W.2d 200, 204 (Iowa 2002)). "'If a plaintiff fails to articulate, and the court is unable to identify, a class of similarly situated individuals who are allegedly treated differently under the challenged [rule],' our analysis ends and we need not consider whether the ends are legitimate and the means rationally related." *Id.* (quoting *Timberland Partners XXI, LLP v. Iowa Dep't of Revenue*, 757 N.W.2d 172, 175 (Iowa 2008)); *see also Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994) ("Dissimilar treatment of dissimilarly situated persons does not violate equal protection. . . . [Thus, a]bsent a threshold showing that she is similarly situated to those who allegedly receive favorable treatment, the plaintiff does not have a viable equal protection claim.").

"If the [rule] treats similarly situated persons differently, we must then determine what level of scrutiny is required." *Baker v. City of Iowa City*, 867 N.W.2d 44, 56 (Iowa 2015). White-Ciluffo has not alleged she was treated differently because she was a member of a suspect class or that her interest in competing in high school athletics was a fundamental right warranting protection under the equal protection clause. *See Brands*, 671 F. Supp. at 630 (citing *San Antonio Ind. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 29–39 (1973)); *see also Letendre ex rel. Letendre v. Mo. State High Sch. Activities Ass'n*, 86 S.W.3d 63, 67 (Mo. Ct. App. 2002) ("[The plaintiff]'s claim is not based upon a suspect

classification, such as race, religion, national origin, or gender. Nor is it based upon a claim that her fundamental rights were violated, because she recognizes there is no fundamental right to play high school athletics."). Thus, if we find the Collegiate Rule treats similarly situated individuals differently, we will apply the rational basis review to determine whether the rule is rationally related to any legitimate interest of the Iowa Department of Education and the IGHSAU. *See Letendre*, 86 S.W.3d at 67 ("Where there is no suspect classification or impingement on a fundamental right explicitly or implicitly protected by the U.S. Constitution, Equal Protection claims are reviewed . . . under the 'rational relationship' standard.").

White-Ciluffo argues high school student-athletes who compete against athletes representing their college institutions are a separate class of persons who are treated unfavorably under the Collegiate Rule compared to student-athletes who compete against professional athletes. She also complains she was treated differently than other similarly situated high school student-athletes who competed in the same events in which she competed.

White-Ciluffo has failed to present any evidence demonstrating another high school student-athlete who violated the Collegiate Rule was treated differently than she was treated. More broadly, White-Ciluffo has failed to show the Collegiate Rule treats any high school student-athlete differently from any other high school student-athlete. Indeed, all high school student-athletes are subject to eligibility rules such as the Collegiate Rule. That student-athletes are permitted to compete in events against professional athletes does not create a separate class of persons who are treated more favorably.

Because White-Ciluffo has failed to make the requisite threshold showing she is similarly situated to others who have received favorable treatment, we need not consider whether the Collegiate Rule is rationally related to a legitimate governmental interest. *See Varnum v. Brien*, 763 N.W.2d 862, 882 (Iowa 2009). Thus, White-Ciluffo's equal protection claim fails.

### III. Conclusion

We find the district court did not abuse its discretion in determining the additional evidence White-Ciluffo submitted in support of her claims was immaterial. We further find White-Ciluffo does not have a right to participate in interscholastic athletics sufficient to invoke the due process clauses of either the federal or state constitution and has also failed to make the requisite threshold showing she is similarly situated to others who have received favorable treatment. Accordingly, we affirm the district court's ruling denying and dismissing White-Ciluffo's petition for judicial review of a decision by the Iowa Department of Education.

**AFFIRMED.**